IN THE MATTER OF THE APPLICATION OF ROBERT JAMES GROESBECK FOR A WRIT OF HABEAS CORPUS.

No. 4471

October 24, 1961                    365 P.2d 491

*Stewart, Horton & McCune,* of Reno, for Petitioner.

*Roger D. Foley,* Attorney General, *William J. Raggio,* District Attorney, *Drake DeLanoy,* Chief Deputy District Attorney, and *Herbert F. Ahlswede,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, MCNAMEE, J.:

This is an original petition for a writ of habeas corpus.

Petitioner, Sanchez, and Ward were jointly charged with murder. Following a preliminary hearing, they were bound over to the district court for trial. Upon arraignment each entered a plea of not guilty and trial was set for September 11, 1961. On August 4, 1961 Sanchez and Ward were discharged from custody on a writ of habeas corpus. After a second preliminary hearing, Sanchez and Ward were again bound over for trial.

On September 8, with permission of the district court, an amended information was filed against petitioner, Sanchez, and Ward which was identical insofar as it pertained to petitioner, except that additional witnesses were added to the amended information. Petitioner was arraigned under the amended information, pleaded not guilty thereto, and, over his objection, the trial court vacated the trial date of September 11, 1961. Trial was then set for October 30, 1961, 49 days from September 11. No objection to this setting appears in the record.

The petition herein alleges that petitioner was ready for trial on September 11 and that the postponement was for the convenience of petitioner's codefendants. The record shows that upon the arraignment following the filing of the amended information, the said codefendants requested further time before entering a plea thereto.

From the foregoing, petitioner requests a writ of habeas corpus for the reason that he was entitled to a speedy trial under NRS 169.160. Furthermore he contends that under NRS 178.495, as amended by Stats. Nev. 1961, ch. 373, p. 756, he was entitled to be brought to trial within 60 days after the filing of the information; otherwise, the court "shall order the * * * information to be dismissed, unless good cause to the contrary is shown."

This court has held in Polito v. State, 71 Nev. 135, 282 P.2d 801, that in a criminal case a request for continuance is addressed to the sound discretion of the trial court.

The petitioner had made a motion in the court below for discharge upon the ground that he had not been afforded a speedy trial or a trial within 60 days after the filing of the information. Such motion was denied. The proceeding herein in habeas corpus constitutes a collateral attack upon that ruling.

In United States ex rel. Mills v. Ragen, D.C., 77 F.Supp. 15, 20, the court said: "No one is more aware than a trial judge of the necessity that a trial judge should have wide discretion in granting or denying continuances. The exercise of this discretion should not be easily upset on appeal, and it should be even less easily upset by a collateral attack such as habeas corpus." Approving these words, we now give consideration to the discretion exercised by the trial court.

As to petitioner the amended information constituted no change with respect to substance. It did however effect the reinstatement of the joint charge of murder against petitioner, Sanchez, and Ward. Also it contained a second count which charged Ward as an accessory

after the fact to murder. Clearly as to Sanchez and Ward, the amended information was a change in substance from what was left of the original information following the discharge on habeas corpus of Sanchez and Ward.

The case of In re Newbern, 53 Cal.2d 786, 3 Cal. Rptr. 364, 367, 350 P.2d 116, states: "It is clear that an amendment of substance to a complaint will carry a corresponding obligation to allow the defense adequate time to prepare an amended defense."

■■■■

Although petitioner may have prepared his defense and was ready for trial on September 11, 1961, it appears that his codefendants were not. NRS 175.205 provides that when two or more defendants are jointly charged with a criminal offense, "they shall be tried jointly, unless for good cause shown, the court shall otherwise direct." If a joint trial would in the opinion of petitioner have prejudiced his substantial rights, it was incumbent upon him to establish this fact before the trial court and request a separate trial. This he failed to do.[1] He merely objected to the vacating of the earlier trial date, and as already stated he made no objection to the October 30, 1961 setting. Under these circumstances we will not say that the trial court abused its discretion in granting the continuance. Polito v. State, supra.

Petitioner urges that under NRS 178.495, as amended by Stats. Nev. 1961, ch. 373, p. 756, the amended information should be dismissed because he was not brought to trial within 60 days after the filing of the original information. On the other hand, it is respondent's contention that the 60-day period was reinstated by the filing of the amended information.

Respondent has substantial authority to sustain its view. People v. Wilkes, 177 Cal.App.2d 691, 2 Cal.Rptr. 594; People v. Pierson, 149 Cal.App.2d 151, 307 P.2d 994; See Annotation, 30 A.L.R.2d 462. We do not feel

---

[1] In oral argument counsel for petitioner stated that petitioner didn't care if he was tried jointly or not—all he wanted was a speedy trial.

impelled, however, to pass upon this point in the present proceeding.

Although there was a period of 118 days between the date of petitioner's arrest and September 11 when the case was first to be tried, he made no complaint of this lapse of time. This delay in part was a result of his own request and he agreed to the September 11, 1961 setting. It is the subsequent delay of 49 days from September 11 to October 30 which forms the basis of his present complaint. Under the circumstances of this case we feel that good cause was shown to justify the action of the trial court in granting the continuance and in denying the motion to dismiss and for discharge. While it "is undesirable that one charged with crime should be held in prison, after pleading not guilty and demanding a speedy trial, for a period of time longer than is reasonably necessary," as stated in State v. Squier, 56 Nev. 386, 403, 54 P.2d 227, 234, "[o]n the other hand a defendant cannot require of the trial court that it disregard the condition of its calendar, the pendency of other cases, public expense, and the convenience or health of judge, court officers, and jurors." To this we now add that a defendant cannot require a trial court to disregard the rights of his codefendants.

It is ordered that the writ be denied and these proceedings dismissed.

BADT, C. J., and THOMPSON, J., concur.