443 P.2d 404

The STATE of Arizona, Appellee,

v.

Leo COTTON, Appellant.

No. 1773.

Supreme Court of Arizona,
In Banc.

July 11, 1968.

Michael W. Murray, Tucson, for appellant.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, former Atty. Gen., and Wm. J. Schafer, III, County Atty., Pima County, Tucson, for appellee.

UDALL, V. C. J.

This is an appeal from a conviction for the unlawful sale of marijuana.

The facts, viewed in the light most favorable to upholding the verdict below, are as follows:

On February 25, 1965 the defendant was at the home of William Thompson. Also present were Roy Madrid and Kenneth Martinez. All three men were employed by the State Narcotics Bureau, Madrid as an agent and Thompson and Martinez as special employees. At that time the defendant arranged to make a sale of marijuana to Martinez on the following day. On February 26 Madrid and Martinez drove to defendant's home. Defendant was asked if he was ready to make the sale and he replied that he was but would have to go to his source to get it. Defendant and Thompson, who had been with defendant at his home, got into the car. Defendant then directed Madrid to drive to the Meyers street area in downtown Tucson. When they arrived at the place chosen by defendant, Martinez gave defendant a five dollar bill and defendant got out of the car and walked around the corner. He returned in five minutes with a matchbox full of marijuana and gave it to Martinez who in turn gave defendant another $10.00. Defendant was then driven back to his home and the matchbox and its contents turned over to other narcotics agents for analysis.

Defendant testified at the trial that it was Thompson who set up the sale and that Thompson slipped the matchbox and contents to defendant in the back seat of the

car on the way downtown. The reason given for Thompson not making the sale himself was that the quality of the marijuana was poor and Thompson did not want to anger his friend Martinez. Defendant's trip around the corner was a front to make Martinez believe that defendant was picking up the stuff from his source.

Defendant was charged with the unlawful sale of marijuana in violation of A.R.S. § 36-1002.07 and convicted of the offense on August 6, 1965.

Defendant contends that his conviction should be reversed because the court erred in refusing to grant him a continuance to procure a material witness and because he was entrapped into committing the offense charged.

The continuance was requested after both sides had rested their case. The reason given for the need of a continuance was that the defendant was surprised by the testimony of Thompson and needed to obtain the testimony of a Samuel Brown for rebuttal. Thompson was called as a witness for the defense. Part of his testimony was as follows:

Q "Had you ever given Leo Cotton narcotics?

A "No.

Q "Had you ever given him any marijuana?

A "No.

Q "None at all?

A "None at all.

Q "Never in your life?

A "Never in my life.

Q "Did you ever handle narcotics?
  (Objection—Sustained)

Q "Did you ever handle narcotics in 1965, in February?

A "No.

Q "How about January?"
  (Objection—Sustained)

It is contended that this testimony came as a great surprise to defendant because, according to defendant's testimony,

Thompson was a seller of narcotics and had given him the marijuana to sell to Martinez. To rebut Thompson's testimony the defense could produce Samuel Brown who would testify that he had purchased narcotics from Thompson on several occasions. From this testimony an inference could be drawn that Thompson could have passed the marijuana to defendant. The testimony of Brown would go to defendant's defense of entrapment. The trial court refused to grant the continuance.

In Everett v. State, 88 Ariz. 293, 356 P.2d 394 (1960), we said:

"Continuances are, to a great extent, discretionary with the trial court, and an appellate tribunal will not review its action in this respect unless it clearly appears that the discretion has been abused."

■ We are of the opinion there was no abuse of discretion. Since Thompson had denied ever selling narcotics or having given defendant the marijuana that was sold to Martinez, Brown's testimony would only serve to impeach Thompson. We have ruled that it is not an abuse of discretion to deny a continuance where the testimony sought is to be used for impeachment purposes. Midkiff v. State, 29 Ariz. 523, 243 P. 601 (1926).

The defendant took the stand and raised the defense of entrapment. It was his contention that the criminal design arose in the minds of the government agents and that he was an innocent person. The jury listened to the testimony of the state and the defendant and was instructed, in part, as follows:

"If the intent to commit the crime did not originate with the defendant and he was not carrying out his own criminal purpose but the crime was suggested by another person acting with the purpose of entrapping and causing the arrest of the defendant, then the defendant is not criminally liable for the act so committed."

The jury obviously rejected the entrapment defense.

**410**

■ It is now contended by the defendant that we should find that there was entrapment as a matter of law. We said in State v. Rabon, 100 Ariz. 344, 414 P.2d 726 (1966):

"Entrapment as a matter of law is established only where *undisputed* testimony makes it patently clear that an otherwise innocent person is induced to commit acts complained of by *trickery, persuasion or fraud of government.*" (Emphasis supplied)

■ Defendant failed to prove at trial and it nowhere appears in the record that the government agents employed any trickery, persuasion or fraud in setting up the sale which was made to them. Without such a showing we cannot overturn the jury's determination that there was no entrapment.

Judgment affirmed.

McFARLAND, C. J., and STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur.