HERMAN HOLLANDER, APPELLANT, v. WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 6049

May 11, 1970        468 P.2d 990

*H. Dale Murphy,* Public Defender, and *Jerome M. Polaha,* Deputy Public Defender, Washoe County, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Herman Hollander is an habitual criminal serving a sentence of life imprisonment. In November of 1965 Hollander was convicted of being an ex-felon in possession of a firearm. After his conviction the district attorney filed an amended information in which he listed five prior felonies to support the allegation that Hollander should be sentenced as an habitual criminal under NRS 207.010(2). He was determined to be an habitual criminal and his appeal to this court was affirmed except as to a correction in the sentencing procedure. Hollander v. State, 82 Nev. 345, 418 P.2d 802 (1966). This present appeal comes to us from the denial of his post-conviction petition for release in the trial court.

Specifically, Hollander appeals from the denial of the post-conviction writ upon the following: (1) That a 1954 conviction for robbery was used as proof that he was an ex-felon on the primary charge of the possession of a firearm. Relying upon the Kansas case of State v. Ware, 442 P.2d 9 (Kan. 1968), he contends that the robbery conviction should not therefore have been used to also show that he is an habitual criminal. (2) One of the prior felony convictions was that of issuing a check without sufficient funds in California. Although it was a felony at the time in California it was not a felony in Nevada, but in 1963 by statutory amendment the offense was made a felony. He claims now that the conversion of it from a misdemeanor into a felony constituted an ex post facto law when it was listed as one of his prior felony convictions. (3) That under the Habitual Criminal Act the legislative power

and discretion vested in the district attorney was unconstitutional.

1. Hollander's status as a recidivist criminal is not founded upon the last felony for which he was convicted. His prior felonies were exclusive of the crime charged, to wit, ex-felon in possession of a firearm. Being an ex-felon is his status because of earlier convictions. Any one of the former felonies together with the act of possessing a firearm constitutes a separate crime distinct from any of the others. In order to establish the violation of this charge the prosecutor selected a 1954 robbery conviction to prove him a felon.

In Kansas the primary charge can be used to double the penalty of a criminal twice convicted (State v. Ware, supra), but that is not the case in Nevada. The robbery conviction was an ingredient of the present crime charged. Its inclusion in the information does not run afoul of NRS 207.010(5) which prohibits reference to past crimes to the jury or at the trial of the primary offense. Nester v. State, 75 Nev. 41, 47, 334 P.2d 524 (1959). The allusion to a past crime in this case is allowable because it is an element of the present crime with which he is charged.

2. Hollander contends that a prior conviction, not a felony in Nevada at the time it was committed, was used to enhance his punishment because it was later declared a felony by statutory amendment and that ex post facto applies.

In 1958 he was convicted of issuing a check without sufficient funds which was then a felony in California but only a misdemeanor in Nevada. Later, in 1963, the crime was changed into a felony by amendment. Hollander was convicted of carrying a concealed weapon in 1965. Therefore, his insufficient check crime, a felony in California, was in 1965 also a felony in Nevada at the time he came under the habitual criminal statute.[1] He claims the amendment is an ex post facto law and therefore cannot be applied to him.

Any law which was passed after the commission of the offense for which the party is being tried is an ex post facto law when it inflicts a greater punishment than the law annexed

---

[1]Furthermore, the Habitual Criminal Act was amended in March of 1965, so even if the crime was not a felony in Nevada it could be included if it was a felony at the situs of the crime.

to the crime at the time it was committed. In re Medley, 134 U.S. 160, 171 (1890). We emphasize the admonition of *Medley,* supra, as it applies to an offense for which the party *is being tried.* The habitual criminal proceeding is not a separate offense, but is solely to determine facts that if true will increase the punishment. The proceeding does not increase the punishment for that crime for which he has been on trial but merely allows increased punishment for his status as a repeat offender. White v. State, 83 Nev. 292, 429 P.2d 55 (1967); Atteberry v. State, 84 Nev. 213, 438 P.2d 789 (1968); Howard v. State, 83 Nev. 53, 422 P.2d 548 (1967). The penalty is a harsher one for the latest crimes because it is considered that the offender has aggravated his status because he is a repeater. Gryger v. Burke, 334 U.S. 728 (1948).

The enactment of a statute or its amendment which imposes a harsher penalty after prior convictions is not an ex post facto law. Alaway v. United States, 280 F.Supp. 326 (C.D. Cal. 1968); State v. Bomar, 376 S.W.2d 446 (Tenn. 1964); Wey Him Fong v. United States, 287 F.2d 525 (9th Cir. 1961); State v. Steemer, 121 N.W.2d 813 (Neb. 1963); People v. Miller, 98 N.W.2d 524 (Mich. 1959).

Hollander is not being punished for the California conviction but for the primary offense of carrying a concealed weapon. The California conviction was used with others to show that he was a recidivist which thereby caused an enhancement of punishment for the primary offense of an ex-felon carrying a weapon. Ex parte McVickers, 176 P.2d 40 (Cal. 1946).

3. Hollander also claims that the Habitual Criminal Act unconstitutionally vested legislative power and discretion in the district attorney. He seeks to rely on Lapinski v. State, 84 Nev. 611, 446 P.2d 645 (1968). That case, however, does not apply to his circumstances. There, we held that the district attorney could not define the degree of an offense after the offense itself had been charged. The habitual criminal status is not an offense. It is an averment of fact to show that petitioner is a recidivist. NRS 207.010(4) gives the district attorney discretion and Oyler v. Boles, 368 U.S. 448 (1962), upholds that discretion as a mere legislative delegation of administrative duties and no violation of either the due process

clause or the equal protection clause so long as the selection of whether to charge a defendant as an habitual criminal by the district attorney is not based upon an unjustifiable standard such as race, religion and/or other arbitrary classification. See also Wilwording v. State, 438 S.W.2d 447 (Mo. 1969); Scoggins v. State, 454 P.2d 550 (Kan. 1969); State v. Bomar, supra; People v. Birmingham, 164 N.W.2d 561 (Mich.App. 1968).

Affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.