481 P.2d 26⁵

**STATE of Arizona, Appellee,**

v.

**Edwin Dale KENDALL, Appellant.**

**No. 2039.**

Supreme Court of Arizona,
In Division.
Feb. 25, 1971.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Lee V. Bakunin, Phoenix, for appellant.

LOCKWOOD, Justice:

Defendant was charged with two counts of robbery, with two prior felony convictions. He was alleged to have robbed a Taco Bell restaurant, and to have had—as his accomplice—one James Hale who was also charged. Both were represented by the public defender, and pleaded not guilty to all charges.

The prosecution decided to agree to Hale's pleading guilty in order to testify against defendant Kendall. Since this cre-

ated a conflict of interest, the public defender withdrew, and on January 27, 1969, John Beaver was appointed by the court to defend Kendall.

Trial was set for February 6th—ten days after Beaver's appointment. Attorney Beaver examined the information and noted that Hale's name was not endorsed thereon as a witness. Beaver pushed for a prompt trial and announced himself ready to defend his client on such short notice. On Monday, February 3rd the county attorney endorsed Hale's name on the information, and Beaver learned of this on Tuesday, February 4th—two days before trial was to commence.

Beaver moved to bar Hale's testimony pursuant to Rule XIII(e), Rules of Maricopa County Superior Court, 17 A.R.S.[1] The court refused. Beaver then asked for a continuance, stating that his readiness to go to trial was based upon the belief that the court would not permit the county attorney to violate Rule XIII(e). The latter argued that the move to call Hale was no surprise to the defense. Beaver admitted that it was no surprise, but claimed that the court's ruling that Hale would be permitted to testify, was a surprise. Defense counsel argued that he was not prepared to counter the state's move, because there was insufficient time to investigate Hale and bring to the jury all possible information to impeach and discredit him as a witness. Beaver offered to go to trial at once if Hale's testimony was omitted, but requested a continuance if it was not. The following colloquy preceded the commencement of the trial on February 6:

"Mr. Beaver:

"* * * The County Attorney * * * endorsed him on Tuesday, before that—

I think I mentioned to you, I said, 'Judge, I'm going to rely on the fact that he hasn't endorsed him yet.' I think you commented * * *. 'Well, the County Attorney hasn't endorsed him yet, has he?' And I said, 'No, he hasn't.'

"The Court: I said, 'Why are you so hell bent to go to trial today?' and I think your words to me were, 'Well, they have made a deal with this co-defendant, and they have not endorsed him.'

"The Court: That is what you told me * * * so that I don't believe you were surprised.

\*  \*  \*  \*  \*  \*

"Mr. Beaver: At this time I would respectfully ask this Court that you give me a continuance of two weeks on this case in order to prepare for the contingency which I was not prepared for, mainly the fact that James Edward Hale is now going to testify for the State * * *. When I said I was prepared—I had relied upon the fact that Mr. Hale was not endorsed on the information and that this Court would not grant the County Attorney's motion * * *. I don't think, under any * * * situation that I am prepared to go to trial today * * *.

"The Court: * * * I don't believe that he was surprised, and therefore I deny his motion for a continuance.

\*  \*  \*  \*  \*  \*

"Mr. Beaver: I at least would like to give my man a fighting chance, Judge. I feel like I am going into Court today, and I don't have a chance in the world * * *. I don't have a chance to investigate and impeach the co-defendant at all."

Following this, a number of other preliminary matters were argued, after which

---

1. Rule XIII(e) "The names of all witnesses intended to be used by the State in the trial of any criminal case, except witnesses in rebuttal, shall, without demand on behalf of the defendant, be endorsed on the information or indictment at least five days before the date of trial. Should the State intend to call any other witness discovered with due diligence prior to the date of trial, the name of such witness shall forthwith be endorsed on the information or indictment, and the defendant shall be promptly advised thereof. The Court may, in its discretion, refuse to permit the testimony of such other witness or may grant the defendant a continuance, as the ends of justice demand."

defense counsel and the county attorney got together and defendant pleaded guilty to one count of robbery, and the second count was dismissed, as was also the allegation of two prior convictions.

At the time of entering the guilty plea, the court questioned the defendant in some detail, bringing out that defendant knew his rights, that there were no promises or threats made, and that defendant knew the possible sentence, and that he actually did commit the crime. The court then made a finding that the guilty plea was voluntary, and accepted it. At the sentencing, Mr. Beaver stated to the court:

"We are realists, and Mr. Kendall is a realist, and I am a realist. He committed a robbery. He is willing to pay for it."

The judge replied: "Mr. Kendall, the court has genuine compassion for you." and sentenced the defendant to a prison term of eight to fifteen years.

The appeal brings up the related questions of whether it was error to refuse the request for a continuance, and whether such refusal left the defense without sufficient time to prepare its case, thus compelling a plea of guilty in the hopes of getting a reduced sentence.[2]

It is clear from the wording of the two rules that the trial court has some discretion in deciding whether to penalize the prosecution by refusing to let the witness testify, to penalize the defendant by forcing him to go to trial, or to take the middle course by allowing a continuance so that the defendant may prepare to meet the threat of a new witness not endorsed on the information.

We have held that this decision is a matter for the trial court's discretion. State v. Sherrick, 98 Ariz. 46, 402 P.2d 1. We have held that such decision by a trial court will not be disturbed on appeal unless that court's discretion was abused and the defendant prejudiced. State v. McWilliams, 103 Ariz. 500, 446 P.2d 229.

These decisions, however, permit review of the trial judge's decision to determine whether there has been an abuse of discretion. State v. McWilliams, supra. In that case we said:

"The right of a criminal defendant to adequate and effective assistance of counsel is firmly established. Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 * * *. Such a constitutional right necessarily includes the allowance to counsel of a reasonable time to prepare his defense * * *. 'His right to have counsel and to *have his counsel prepare his case for trial* * * * is a substantial right, and *to deny his counsel sufficient time in which to prepare his case is also the denial of a substantial right*; and, under such circumstances, to have counsel appointed to represent him would be a meaningless formality and the granting of a barren right.'" (Emphasis in original.)

In the instant case the trial court seems to have felt that the defendant's attorney was not surprised and knew the county attorney intended to use Hale's testimony, and could have been preparing the case in accordance therewith in the few days that

---

2. Rule 153, Rules of Criminal Procedure, 17 A.R.S.:

"When an indictment or information is filed, the names of all the witnesses or deponents on whose evidence the indictment or information was based shall be endorsed thereon before it is presented, and the county attorney shall endorse on the indictment or information, at such time as the court may by rule or otherwise prescribe, the names of other witnesses he proposes to call. A failure to so endorse the names thereon shall not affect the validity or sufficiency of the indictment or information, but the court in which the indictment or information was filed shall, upon application of the defendant, direct the names of such witnesses to be endorsed thereon. No continuance shall be allowed because of the failure to endorse such names thereon unless such application was made at the earliest opportunity and then only if a continuance is necessary in the interest of justice."

he had between his appointment and his trial, even though he hoped the court would interpret Rule XIII (e) strictly and exclude the testimony of Hale.

■ From the record it appears that counsel for the defendant was diligent in representing his client. On his motion to exclude the testimony of Hale, the court reviewed the entire matter which had been before him including the fact that counsel knew the reason he was appointed attorney for the defendant was because the original co-defendant was going to plead guilty. The court further stated that when he appointed Mr. Beaver as attorney for defendant, Mr. Beaver indicated that he wanted to go to trial on the day set, because "he understood a deal had been made to use Hale as a witness, and he had not been endorsed, as required, and that was the reason he wanted to go." The case was then continued a few days, and the court further stated that he believed Mr. Beaver to be a resourceful attorney and that he would give the defendant a good trial. From the record we cannot find that the trial court abused his discretion in denying defense counsel's motion to direct the county attorney not to call any witness (particularly referring to the witness Hale) not endorsed on the information at least five days prior to trial. Attorney for the defendant advised the court that he had checked the record for several days prior to the five day period to determine whether Hale's name had been endorsed, and that two days before the date set for trial he received a notification from the county attorney's office stating that Hale would enter a plea of guilty to grand theft from person, and would testify as a witness in the case against the defendant Kendall. Under all these circumstances, we are of the opinion that the trial court did not abuse its discretion in denying the motion to direct the county attorney not to use the witness Hale.

■ Counsel for the defendant claimed that he needed the continuance for the purpose of inquiring into the background of the witness Hale for purposes of impeachment at the trial. The assistant county attorney who was to try the case at that time stated that the state on its own motion, in response to defendant's attorney's motion for continuance, would grant the attorney a copy of the witness Hale's "F. B. I. rap sheet and the most recent mug shot that is available of that witness." Under all of the circumstances we cannot find that the trial court abused its discretion in denying the motion for continuance.

■ With regard to appellant's claim that the plea of guilty was coerced, our examination of the record indicates that counsel for the defendant further sought to secure a continuance on the basis that one of his witnesses, a police officer, was out of state, and he was unable to serve him with a subpoena to testify regarding a lineup and the identification of the defendant there. The court indicated that the trial should start, and that they might evaluate the situation regarding the absent officer on the next day. The court thereupon commenced the trial by calling the jurors for their voir dire examination. The examination of all jurors was concluded and a panel selected and qualified whereupon the trial was recessed until the next morning. The next morning counsel for defendant presented several preliminary motions which the court heard and denied and the court then proceeded to dismiss the jury for the reason that the defendant indicated that he wished to plead guilty.

The court conducted a thorough examination both of the defense counsel and of the defendant himself as to whether he wished voluntarily to enter a plea of guilty. Counsel for the defense conducted an examination of his client, the defendant Kendall, regarding his wish to change his plea as follows:

"Q. Edwin Dale Kendall, you have been charged in the information, Number 56295 that on the 21st day, on or about the 21st day of September, before the filing of the information, and in the County of Maricopa, State of Arizona, that you robbed Robert Schimer, all in violation of Sections 13–138, 139, 13–140, 13–641 and 13–643, which

are statutes relating to robbery, or being accomplice to a robbery.

"At this time, you have indicated to me, and indicated to the Court and to the County Attorney, back in chambers, that you desired to enter a change in plea from not guilty to guilty.

"What do you now plead to this charge, sir?

"A. Guilty.

"Q. Now, have I forced you, or coerced you, or in any way indicated to you that you should enter a plea of guilty?

"A. No, you haven't.

"Q. In fact, I have, all the way along, indicated to you that we should go to trial on this?

"A. Yes.

"Q. And, I have prepared—is there anything that I have done that would deem that I have been inadequate as far as being an attorney in this case?

"A. Nothing, whatsoever.

"Q. Are you completely satisfied with my work that I have performed?

"A. Yes, I have.

"Q. You realize that when you enter a plea of guilty, do you not, that you are subjecting yourself to being sentenced in this mattter pursuant to the law?

"A. Yes, I do.

"Q. And, the law reads that the Court can sentence you anywhere from five years to life in prison?

"A. Yes.

"Q. You know this?

"A. Yes, I do.

"Q. And, you know that no deals have been made whatsoever as to what type of sentence you may receive?

"A. None, whatsoever.

"Q. And, you know that the Judge is going to have this Probation Officer check into this matter and he can sentence you anywhere from five years' probation, or he could give you life in prison, you know this?

"A. Yes, I do.

"Q. And, the County Attorney in no way has indicated that you are going to get any special consideration or any deals, you know that?

"A. Yes, I do.

"Q. Are you pleading guilty to this charge because, in fact, on the 21st day of September you did rob Robert Schimer?

"A. Yes.

"Q. Now, robbery—the elements of the charge of robbery are that you took from the person, or in their presence, personal property by either fear or force, you understand the elements?

"A. Yes, I do.

"Q. And, you are satisfied, in your mind, that you took property in their presence by fear or force?

"A. Yes.

"Q. And, in effect you are pleading guilty to a fact situation which is indicated to me was a robbery with the use of a gun with an accomplice at the Taco Bell Restaurant at 3101 East Thomas Road in the City of Phoenix, Maricopa County, which was done at approximately 2:00 a. m. and a certain portion of the money was taken from the cash register?

"A. Am I to understand that there is a difference between robbery and robbery with the use of a gun?

"Q. The information as alleged—

"A. It says robbery.

"Q. You are pleading only guilty—not to robbery with the use of a gun, but you are pleading guilty to robbery?

"A. That's right.

"Q. There is no indication on your information, or the plea to plead that you are pleading to anything else but what is on Count I of the information?

"A. That's true.

"Q. You understand all these facts?

"A. Yes, I do.

"Q. And, you are freely, voluntarily, saying that you are guilty of this charge?

"A. Yes, I am."

On the day set for sentence the attorney for defendant made a plea for a light sentence in view of all the circumstances and the dismissal of one of the counts against the defendant by the county attorney including the charge of prior convictions, and the court on his own behalf advised the defendant of his rights and questioned him regarding his plea. The record shows that the court advised the defendant as follows:

"THE COURT: Mr. Kendall, the Court has genuine compassion for you. You strike me as being a bright person, even though, I think, you only went to—what was it, the ninth grade?

"MR. KENDALL: Yes, Your Honor.

"THE COURT: Of course, as you well know you have a record of robbery. There have been other incidents which show that you have been somewhat leading a life of crime.

"I would hope and suggest that if the Court sentences you to prison—and I'm going to take into consideration the fact that you entered a plea of guilty—You are only 26, you have already been in— what, two or three times?

"MR. KENDALL: Well, once in the Penitentiary in California and once in a reformatory in Illinois.

"THE COURT: Yes, but then you have got probation once or twice.

"MR. KENDALL: One time on probation.

"THE COURT: One time on probation, so that you seem to be—this seems to be a losing game for you, Mr. Kendall, and I'd recommend that—There is a prison movement that is having some effect with some men. I believe it's called the Seven Step, or something like that, and I would recommend that when you go down to Florence that you look into that.

"I'd also recommend that you look into getting yourself some more education down there, because you are not a stupid person. You are a bright person. You could go a long ways in the world if you would move your talents towards good rather than evil. And, you are a young man, you have got a whole life ahead of you. And, I don't think I have to tell you that if you keep up the way you have been going, it will just be a matter of each time one more prison sentence for you.

"As punishment for the crime, it is ordered that you be incarcerated in the Arizona State Prison for a term of not less than eight or more than 15 years. The sentence to begin as of the date of your original incarceration in the County Jail.

*     *     *     *     *     *

"And, now I also must remind you that under a recent Supreme Court Mandate, they have asked us, at the time of sentencing, to advise you of your right to appeal my sentence if you believe there is anything wrong with it; of your right to have counsel appointed if you are unable to hire counsel of your own.

"MR. KENDALL: All right, thank you very much."

It is obvious that the defendant with full knowledge engaged in plea bargaining, which has been approved in numerous United States Supreme Court cases and by this Court. Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009; McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418; Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162; Maxwell v. State, 106 Ariz. 527, 479 P.2d 412 (1–21–71); State v. Wheatley, 106 Ariz. 524, 479 P.2d 409 (1–13–71); State v. Jennings, 104 Ariz. 3, 448 P.2d 59.

Judgment affirmed.

UDALL and CAMERON, JJ., concur.