FREDDIE MARTIN WALKER, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 7035

June 20, 1973          510 P.2d 1365

*Morgan D. Harris,* Public Defender, and *Robert Stott,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

After a trial by jury appellant was convicted of robbery. During the trial defendant took the stand and testified in his own behalf that he had nothing to do with the robbery and did not go to the place of the crime on the day of the crime.

After the defense rested the state called Melvin E. Jackson, a Clark County Deputy Sheriff, as a rebuttal witness. After appellant's objection the state made the following offer of proof: That Jackson would testify that he had been assigned to escort appellant to his first jury trial for the offense (three weeks before the trial that is subject of this appeal); that on the last day of that trial he and appellant were walking down the hall in the courthouse and appellant looked very upset; that Jackson had asked what was wrong and appellant replied that Tony Williams (who identified him at trial) had lied when he testified that appellant was the man who jumped over the counter at the robbery scene. Appellant, according to the

offer of proof, stated that he had not jumped over the counter, but said that if Williams had testified he was the one (of three perpetrators of the offense) who was standing in the door, he would have been correct. The state also offered to prove that Jackson had asked him "why you guys went over to the west side and robbed those people over there," and that appellant had answered, "Well, it wasn't their money. The money belonged to the Housing Authority, not them, so I didn't take anything from them."

Appellant's objection to this testimony was on the ground that it was improper rebuttal since it should have been offered during the state's case in chief. The prosecutor stated that his decision to call Jackson as a rebuttal witness rather than as part of the case in chief was a "tactical decision."

The trial judge overruled appellant's objections and allowed Jackson to testify concerning the admissions alleged to have been made to him by the appellant.

Appellant then moved for a three-week continuance to allow the defense to investigate Jackson's background in an attempt to find some impeachment evidence and also to allow the defense to bring in numerous witnesses (attorneys' law clerks and prisoners) to testify as to appellant's prior consistent statements, i.e., that in prior conversations with them about the case he had never made any admissions of guilt or implication. This motion was denied.

Appellant now contends, first, that the lower court erred in allowing the state to put on evidence of the admission during its rebuttal period, and second, that the court erred in denying his motion for a continuance.

1. In Wallace v. State, 84 Nev. 603, 447 P.2d 30 (1968), the prosecution did not offer testimony concerning an oral confession of defendant during its case in chief, but offered it during rebuttal to impeach the defendant's testimony. There we held that the fact that the oral confession was offered during rebuttal rather than in the case in chief was not a cause for complaint where the evidence tended to impeach on a material point. See also, State v. Lewis, 50 Nev. 212, 233, 255 P. 1002, 1009 (1927), wherein this court stated as follows:

> "[I]t is a generally accepted rule, regardless of the defense interposed, that where rebuttal testimony is offered, which should have been more properly introduced in the opening, it is within the discretion of the

trial court to allow it, which discretion is not reviewable in the absence of gross abuse. Goldsby v. United States, 160 U. S. 70, 16 St. Ct. 216, 40 L. Ed. 343; 16 C. J. 868."

We have reviewed the record and are unable to say that the trial judge was guilty of gross abuse of discretion in allowing the state, during its rebuttal period, to introduce evidence which, though it would have been proper as part of the case in chief, did tend to impeach defendant's testimony on a material point.

2. Motions for continuance are addressed to the sound discretion of the trial judge. Morford v. State, 80 Nev. 438, 395 P.2d 861 (1964); Ex Parte Groesbeck, 77 Nev. 412, 365 P.2d 491 (1961); Polito v. State, 71 Nev. 135, 282 P.2d 801 (1955). His exercise of discretion is not to be disturbed absent clear abuse thereof. See, e.g., State v. Laws, 485 P.2d 144 (Idaho 1971). Having reviewed the record we find that the judge was within his broad discretion in denying the motion for a continuance.

The reason for the request for continuance, according to appellant, was to allow time to get impeachment witnesses in order to attempt to repair the damage done by officer Jackson's testimony. It has been held that it is not an abuse of discretion to deny a continuance where the testimony sought is to be used for impeachment purposes. State v. Cotton, 443 P.2d 404 (Ariz. 1968).

In the case at bar it came to the attention of defense counsel on Friday that the state intended to call Jackson. This gave a full weekend to find impeachment evidence and arrange for a few witnesses (some of whom were attorneys and law clerks working in defense counsel's office) to testify as to defendant's prior consistent statements. State v. Cotton, supra; State v. Kendall, 481 P.2d 265 (Ariz. 1971); State v. LeVar, 403 P.2d 532 (Ariz. 1965), cert. denied, 382 U.S. 948 (1965).

In this case it does not appear that the court below abused its discretion either in allowing Jackson to testify or in denying defendant's motion for a continuance. The judgment of conviction is affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.