STATE OF NEVADA, APPELLANT, *v.* GARY STEVEN KIRKPATRICK, RESPONDENT.

No. 10328

September 28, 1978                                    584 P.2d 670

---

[Rehearing denied November 9, 1978]

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Thomas D. Beatty,* Deputy District Attorney, Clark County, for Appellant.

*Lang & Graves,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Respondent was charged, by information, with the crime of robbery (NRS 200.380) and having used a deadly weapon in the

commission of that crime (NRS 193.165). The information provided, in pertinent part, that respondent had' taken personal property "from the person of JAYE JOSEPH, *or* in her presence, by means of force *or* violence *or* fear of injury. . . ." (Emphasis added.)

Respondent moved to dismiss the information, contending use of the disjunctive "or" rendered the information "wholly insufficient."[1] The thrust of respondent's argument was that disjunctive pleading (1) failed to give him adequate notice of the offense with which he was charged, thus violating the clear mandate of the Sixth Amendment;[2] and, (2) subjects him to double jeopardy because neither a conviction nor an acquittal would bar a subsequent prosecution upon the alternative allegations. The district court granted the motion. Appellant contends this was error because disjunctive pleading is authorized by NRS 173.075(2).[3] We agree.[4]

1. Where, as here , a single offense may be committed by one or more specified means, and those means are charged alternatively, the state need only prove one of the alternative means in order to sustain a conviction. *See, e.g.,* Gerberding v. United States, 471 F.2d 55 (8th Cir. 1973); United States v. Conti, 361 F.2d 153 (2d Cir. 1966). *Cf.* State v. Luhano, 31 Nev. 278, 102 P. 260 (1909). Thus, notice of the charged offense is not improved by alleging that the crime was committed by acts "a" *and* "b" rather than by acts "a" *or* "b." In either case, the accused must prepare a defense to all means by which it is alleged the crime was committed. Johnson v. United States, 207 F.2d 314 (5th Cir. 1953); State v. Scott, 395 P.2d 377 (Wash. 1964).

---

[1]A disjunctive allegation in pleading is one which charges a thing alternatively, with the conjunctive "or". Black's Law Dictionary 555 (4th ed. 1957).

[2]U.S. Const. amend. VI provides, in pertinent part:

"In all criminal prosecutions, the accused shall . . . be informed of the nature and cause of the accusation. . . ."

[3]NRS 173.075(2) provides, in pertinent part:

"It may be alleged in a single count that the means by which the defendent committed the offense are unknown or that he committed it by one or more specified means."

This statute is indentical to Federal Rule of Criminal Procedure 7(c)(1), whose legislative history indicates that the foregoing provision "is intended to eliminate the use of multiple counts for the purpose of alleging the commission of the offense by different means or in different ways." Original Advisory Committee Note 2 to Rule 7(c)(1).

[4]Other jurisdictions have also approved the use of disjunctive pleading. *See, a g.,* United States v. Alsop, 479 F.2d 65 (9th Cir. 1973); State v. Scott, 395 P.2d 377 (Wash. 1964); State v. Cantrell, 187 N.W.2d 832 (Wis. 1971); People v. Glass, 353 N.E.2d 214 (Ill.App. 1976).

2. Respondent is afforded adequate protection from double jeopardy by NRS 174.085(3) and NRS 178.391.[5] *See* State v. Scott, *supra. Cf.* Fairman v. State, 83 Nev. 137, 425 P.2d 342 (1967); State v. Carter, 79 Nev. 146, 379 P.2d 945 (1963).

The district court order is reversed and the case remanded with instructions to reinstate the information.

---

[5]NRS 174.085(3) provides:

"When the defendant is convicted or acquitted, or has been once placed in jeopardy upon an indictment, information or complaint, . . . the conviction, acquittal or jeopardy is a bar to another indictment, information or complaint for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment, information or complaint."

NRS 178.391 provides:

"No person can be subject to a second prosecution for a public offense for which he has once been prosecuted and duly convicted or acquitted."