# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL LOUIS CHRISMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75581

FILED

MAR 2 9 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of felony driving under the influence. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

On January 2, 2013, a Las Vegas Metropolitan Police Department officer initiated a traffic stop after observing appellant Michael Louis Chrisman driving approximately 65 miles per hour in a 35 miles per hour zone. The officer smelled alcohol on Chrisman and observed his glassy eyes, blank stare, and mild sway to his gait. After conducting multiple field sobriety tests, the officer arrested Chrisman for driving under the influence (DUI). About one and a half hours after the traffic stop, Chrisman's blood alcohol test results showed a .17 blood alcohol content, and after about two and a half hours, his blood alcohol test results showed a .15 blood alcohol content. Chrisman was charged under NRS 484C.410 because he had a prior felony DUI conviction from 1999, specifically, DUI resulting in death. After a six-day jury trial, the jury found Chrisman guilty of DUI. This appeal follows.

On appeal, Chrisman advances the following arguments: (1) the district court erred by allowing certain witnesses to testify at trial, (2) the

19-14018

State committed prosecutorial misconduct during its closing argument, (3) the State failed to prove each element under NRS 484C.110, (4) the district court erred by rejecting Chrisman's proposed jury instructions and by using a general verdict form, (5) the district court erred by denying his motion to prohibit enhancement of misdemeanor DUI, (6) NRS 484C.110(1)(c) is facially unconstitutional under the 14th Amendment of the United States Constitution, and (7) NRS 484C.410 violates the prohibition against ex post facto laws. We disagree.

*Witness testimony*

Chrisman first argues that the district court erred by allowing a State expert witness to testify at trial because the State acted in bad faith by failing to properly provide notice under NRS 174.234(2). We review the admission of expert testimony for an abuse of discretion. *Mulder v. State,* 116 Nev. 1, 12-13, 992 P.2d 845, 852 (2000). NRS 174.234(2) requires the State to disclose information about expert witnesses to be used at trial at least 21 days before the trial begins, including "(a) a brief statement about the subject matter and substance of the expert's expected testimony, (b) a copy of the expert's curriculum vitae, and (c) a copy of the expert's reports." *Mitchell v. State,* 124 Nev. 807, 819, 192 P.3d 721, 729 (2008). If the State, acting in bad faith, fails to comply with the statute, then the district court must not allow the witness to testify and must not admit any evidence the expert would have produced at trial. NRS 174.234(3). However, where there is no bad faith, it is within the court's discretion to allow or exclude the testimony or to grant a continuance. NRS 174.295(2); *Mitchell,* 124 Nev. at 819, 192 P.3d at 729.

When the defendant is aware of what the expert will testify about at trial, there is no bad faith or prejudice to the defendant, even when

the State fails to provide the NRS 174.234(2) expert witness disclosures. *See Mitchell*, 124 Nev. at 819 n.24, 192 P.3d at 729 n.24; *Jones v. State*, 113 Nev. 454, 473, 937 P.2d 55, 67 (1997). Additionally, an expert witness's curriculum vitae may provide sufficient notice for purposes of NRS 174.234. *See Perez v. State*, 129 Nev. 850, 862-63, 313 P.3d 862, 870 (2013). And we hesitate to conclude the defendant was prejudiced by the State's failure to disclose an expert witness when the defendant does not request a continuance and does not explain what he would have done differently had the State given proper notice. *See Burnside v. State*, 131 Nev. 371, 384, 352 P.3d 627, 637 (2015).

Here, the State twice filed a notice of expert witness document providing notice to Chrisman that the expert witness would testify for the State. And although Chrisman objected that he was prejudiced because the written notice incorrectly stated that the expert would testify as to breath test results instead of blood test results, we agree with the district court and conclude that the State did not act in bad faith and Chrisman was not prejudiced. Chrisman was aware that his case involved a blood test because he took a blood test, not a breath test. Moreover, Chrisman argued several pretrial motions concerning the validity of the results of the blood test to the district court. The State also attached to its notice the expert witness's curriculum vitae and expert reports, both detailing her knowledge and experience testifying regarding scientific blood alcohol testing. Finally, Chrisman did not request a continuance and was able to complete a lengthy cross-examination of the expert witness. Under these circumstances, the district court did not abuse its discretion under NRS 174.234(2) by admitting the expert witness's testimony at trial.

Chrisman next argues that the district court erred by allowing the State to call a rebuttal witness in order to clarify her earlier trial testimony rather than to rebut new issues raised on cross-examination. It is within the district court's discretion to admit rebuttal evidence even where the State should have proffered that evidence during its case-in-chief, and we will not reverse the district court absent gross abuse. *Walker v. State*, 89 Nev. 281, 283-84, 510 P.2d 1365, 1367 (1973). Rebuttal evidence is "that which explains, contradicts, or disproves evidence introduced by a Defendant during his case in chief." *Lopez v. State*, 105 Nev. 68, 81, 769 P.2d 1276, 1285 (1989) (internal quotations and citation omitted). And "where a defendant introduces evidence of an affirmative matter in defense or justification, the plaintiff, as a matter of right, is entitled to introduce evidence in rebuttal." *Morrison v. Air Cal.*, 101 Nev. 233, 237, 699 P.2d 600, 602 (1985) (internal quotations omitted).

Here, we agree with the district court that Chrisman raised new evidence involving LVMPD's blood testing policy while implying that the State's expert witness did not follow the policy. Against Chrisman's objection, the district court properly allowed the State to recall the expert witness to explain and clarify that she was aware of LVMPD's policy and that she complied with that policy while testing Chrisman's blood. While the State could have questioned this witness about LVMPD's testing policy in its case-in-chief, it was within the district court's sound discretion to allow redirect examination to clarify the expert's testimony. Therefore, we conclude that the district court did not abuse its discretion in allowing the

 

State's expert witness to testify during redirect examination as rebuttal to Chrisman's cross-examination.[1]

*Prosecutorial misconduct*

Chrisman claims that the State, in closing, improperly argued impairment and per se DUI theories when it had only proven the "2 hour theory" at trial. When reviewing claims of prosecutorial misconduct, we first determine whether the conduct was improper and, if so, whether the conduct warrants reversal. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). We "will not reverse a conviction based on prosecutorial misconduct if it was harmless error." *Id.* at 1188, 196 P.3d at 476.

During closing argument, the State referenced Chrisman's demeanor during the traffic stop and field sobriety testing using the word "impairment" multiple times. Chrisman objected, there was an unrecorded bench conference, and then the district court noted Chrisman's continuing objection to that line of questioning for the record. The State continued, explaining that Chrisman's demeanor showed why the officer arrested him for DUI, and that the jury should only consider the "2 hour theory" and not the impairment or per se theories. Ultimately, the district court instructed the jury not to consider the impairment or per se DUI theories. We conclude these comments were not improper, and were merely used to explain why the police officer stopped and arrested Chrisman and to provide clarity to the jury, who heard all three DUI theories during the prosecution's opening

---

[1]Chrisman also argues that the cumulative effect of the witness testimony errors warrants reversal. Because we conclude the district court did not err, we also conclude there is no cumulative error here. *See Rimer v. State*, 131 Nev. 307, 333, 351 P.3d 697, 716 (2015) (concluding cumulative error did not apply where defendant failed to demonstrate any error).

statement. Therefore, we conclude the State did not commit prosecutorial misconduct.

*Jury instructions*

Chrisman argues that the district court abused its discretion by rejecting his proposed jury instructions. We review a district court's decision regarding jury instructions for an abuse of discretion or judicial error. *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). "[T]he district court may refuse a jury instruction on the defendant's theory of the case which is substantially covered by other instructions." *Davis v. State*, 130 Nev. 136, 145, 321 P.3d 867, 874 (2014) (alteration in original) (internal quotations omitted).

Here, Chrisman first argues that he was improperly denied a jury instruction on how many times a blood vial must be inverted to be "forensically [ ]acceptable." However, the instruction did not instruct on the law, and the district court correctly found that this instruction merely argued facts. Next, Chrisman argues that he was improperly denied his proposed instruction, which only stated the "2 hour theory" portion of the DUI statute, while the district court confused the jury by giving an instruction that stated the entire DUI statute, including all three DUI theories. Our review of the record reveals that the district court did not abuse its discretion, as Chrisman's proposed instruction was substantially covered by other instructions and may have potentially confused jurors.[2]

---

[2]We decline to reach the merits of Chrisman's argument that the district court abused its discretion by using a general verdict form because he failed to include the proposed alternative verdict form in the record, leaving this court unable to determine whether it was necessary for the district court to use that form. *See Johnson v. State*, 113 Nev. 772, 776, 942

*Sufficiency of the evidence*

Chrisman argues that the State failed to prove that he was stopped on a "highway" under NRS 484C.110 because the State presented no evidence that the road in question was "dedicated to a public authority." NRS 484A.095. Evidence is sufficient to support a verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Higgs v. State*, 126 Nev. 1, 11, 222 P.3d 648, 654 (2010) (internal quotations omitted). NRS 484C.110(1)(c) states the following:

> It is unlawful for any person who:
>
> Is found by measurement within 2 hours after driving or being in actual physical control of a vehicle to have a concentration of alcohol of 0.08 or more in his or her blood or breath,
>
> to drive or be in actual physical control of a vehicle on a highway *or* on premises to which the public has access.

(Emphasis added.) NRS 173.075(2) authorizes disjunctive pleading and, where "a single offense may be committed by one or more specified means, and those means are charged alternatively, the state need only prove one of the alternative means in order to sustain a conviction. *State v. Kirkpatrick*, 94 Nev. 628, 630, 584 P.2d 670, 671-72 (1978).

Here, after the State completed its case-in-chief, Chrisman moved to dismiss the case because the State did not prove the definition of "highway," one of the elements of the offense, as the State did not prove that Warm Spring Road was "dedicated to a public authority." We conclude that because the State charged Chrisman in the alternative, the State only needed to prove that he drove under the influence on a highway or on

P.2d 167, 170 (1997) ("We cannot properly consider matters not appearing in [the appellate] record.").

premises to which the public had access. The officer testified that he routinely patrols Warm Springs Road, and he would not need to do so if it were not a road on which the public regularly travels. The district court also found that Warm Springs Road is commonly known as a public road. Therefore, we hold that any rational trier of fact could conclude that Chrisman drove under the influence on a road to which the public has access and ~~there was sufficient evidence to prove the "highway" element under NRS 484C.110.~~ there was sufficient evidence to convict Chrisman under NRS 484C.110.

*Felony DUI under NRS 484C.410*

Chrisman argues the State failed to prove the elements required by NRS 484C.410 to charge him with felony DUI instead of a misdemeanor, violating the Due Process Clause of the 14th Amendment of the United States Constitution. Chrisman points to the State's error below in incorrectly alleging that Chrisman had a prior conviction under NRS 484C.410(1)(a), instead of correctly alleging the prior conviction was under (1)(b) or (1)(c).

NRS 484C.410(1)(a-c) provides that a person previously convicted of felony DUI or DUI resulting in death or substantial bodily harm is guilty of a category B felony. The State should put the defendant in a DUI case on notice of possible penalties and provide "enough information to challenge the validity of alleged prior convictions." *Dressler v. State*, 107 Nev. 686, 689, 819 P.2d 1288, 1289-90 (1991).[3] The State must describe each prior conviction in the information as accurately as possible, but an "error in the description of a prior conviction does not automatically

---

[3]*Dressler* concerns NRS 484.379 and NRS 484.3792(1)(c), both of which were revised and substituted by NRS 484C.410, at issue here. 107 Nev. at 687, 819 P.2d at 1289.

preclude use of the prior conviction for enhancement purposes." *Id.* at 689, 819 P.2d at 1290. To preclude the State from using the prior conviction, the defendant must show that the description's inaccuracy prejudiced him. *Id.*

After the verdict, Chrisman objected that the State pled his prior conviction incorrectly under NRS 484C.410. The State's information alleged Chrisman violated NRS 484C.410(1)(a)[4] instead of NRS 484C.410(1)(c).[5] We agree with the district court that this was a mere error in citation, however, and we will not reverse Chrisman's conviction because in this case he was not prejudiced. Chrisman's prior felony DUI conviction was pled in his criminal complaint, information, and amended information, and each charging document alleged that Chrisman had previously been convicted of a felony DUI resulting in death despite citing to the wrong subsection of the statute alleged in the information. Significantly, Chrisman was not prejudiced by this clerical mistake to the information as Chrisman acknowledged his prior felony DUI conviction in his pretrial motions to the district court. Accordingly, we conclude Chrisman had adequate notice of the State's sentencing enhancement and therefore, his right to due process was not violated, and the district court correctly

---

[4]Under that statute, a person with a prior conviction under NRS 484C.110 (DUI) who again violates NRS 484C.110 is guilty of a category B felony.

[5]Under that statute, a person with a prior conviction for homicide resulting from DUI who violates NRS 484C.110 is guilty of a category B felony.

determined that sufficient evidence existed after reviewing his prior conviction for DUI resulting in death.[6]

*NRS 484C.410 and ex post facto laws*

Chrisman argues that NRS 484C.410, as amended in 2005, *see* 2005 Nev. Stat. Spec. Sess., ch. 6, § 15, at 103, violates the prohibition against ex post facto laws because it allows the State to use his 1999 conviction for a penalty enhancement in 2018, when at the time of his prior conviction, use of that conviction for enhancement purposes was limited to seven years. "Any law which was passed after the commission of the offense for which the party is being tried is an ex post facto law when it inflicts a greater punishment than the law annexed to the crime at the time it was committed." *Hollander v. Warden*, 86 Nev. 369, 372-73, 468 P.2d 990, 992 (1970). However, "[t]he enactment of a statute or its amendment which imposes a harsher penalty after prior convictions is not an ex post facto law." *Id.* at 373, 468 P.2d at 992. These recidivist statutes do "not increase the punishment for that crime for which he has been on trial but merely allows increased punishment for his status as a repeat offender." *Id.*

Here, *Hollander* clarifies that increasing punishments for repeat offenders is not an ex post facto law and, therefore, does not violate the prohibition against ex post facto laws. *Id.* Chrisman is not being punished for his 1999 conviction again, he is being punished for his 2018

---

[6]We decline to address Chrisman's argument regarding the effect of moving the enhancement allegation below the signature line in the amended information, as Chrisman does not provide any relevant law to support his arguments on this point. *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

SUPREME COURT
OF
NEVADA

(O) 1947A

10

DUI conviction as a repeat offender. Accordingly, we conclude that NRS 484C.410 does not violate the prohibition against ex post facto laws,[7] and we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Valerie Adair, District Judge
       Law Offices of John G. Watkins
       The Pariente Law Firm, P.C.
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[7]We also decline to reach the merits of Chrisman's argument that NRS 484C.110(1)(c) is facially unconstitutional under the 14th Amendment of the United States Constitution, both because he failed to raise this issue below and because he fails to make a cogent argument on appeal. *Snow v. State*, 101 Nev. 439, 447, 705 P.2d 632, 638 (1985) ("We are not obligated to consider issues which have not been preserved for appeal."); *Maresca*, 103 Nev. at 673, 748 P.2d at 6.