IN THE SUPREME COURT OF THE STATE OF NEVADA

KEONIS LAMONT DAVIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76500

FILED

OCT 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery, robbery with the use of a deadly weapon, first-degree murder with the use of a deadly weapon, and two counts each of attempted robbery with the use of a deadly weapon and assault with a deadly weapon.[1] Eighth Judicial District Court, Clark County; Eric Johnson, Judge. Appellant Keonis Davis raises three contentions on appeal.

First, Davis argues that the district court erred by denying his motion to dismiss based on his argument that the State improperly withheld a recording of a jail call between Davis and his codefendant. We disagree. The record supports the district court's conclusion that the recording does not exist. *See Bahena v. Goodyear Tire & Rubber Co.*, 126 Nev. 243, 256-57 & n.9, 235 P.3d 592, 601 & n.9 (2010) (approving of, in the context of a discovery dispute, the district court's reliance on "factual representations made by the attorneys, as officers of the court," and citing an attorney's duty of candor under RPC 3.3). And because the district court found that the recording did not exist, it did not err in denying Davis' motion

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-44056

to dismiss the indictment based on the purported discovery violation. *See Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008) (reviewing the denial of a motion to dismiss an indictment for abuse of discretion).

To the extent Davis argues the nondisclosure constituted a *Brady* violation, we reiterate that *Brady* violations are not evaluated pretrial. *See Bradley v. Eighth Judicial Dist. Court*, 133 Nev. 754, 759-60, 405 P.3d 668, 673-74 (2017) (recognizing that a district court only conducts a *Brady* analysis post-trial to determine if the State's suppression of evidence affected the trial's outcome). But even if Davis raised the issue post-trial, he failed to demonstrate that the State withheld exculpatory evidence given the finding that there was no recording to disclose and the fact that the call and its content were within Davis' knowledge as a participant in the call. *See Rippo v. State*, 134 Nev. 411, 434, 423 P.3d 1084, 1105-06 (2018) (rejecting *Brady* claim with respect to information within the defendant's knowledge). Because we perceive no error, reversal in not warranted on this issue.

Second, Davis argues that the district court abused its discretion by allowing the State to present testimony during its rebuttal unrelated to Davis' defense. We disagree because the challenged testimony rebutted defense witnesses' testimony inferring that Davis was not the shooter. *See Lopez v. State*, 105 Nev. 68, 81, 769 P.2d 1276, 1285 (1989) (explaining that rebuttal evidence contradicts evidence presented by the defense). That the State could have presented the same testimony in its case-in-chief does not affect our decision. *See Walker v. State*, 89 Nev. 281, 284, 510 P.2d 1365, 1367 (1973) (finding no abuse of discretion in the admission of evidence where the State presented testimony, used for impeachment purposes, in its rebuttal that it could have also properly

SUPREME COURT
OF
NEVADA

(O) 1947A

2

presented in its case-in-chief). Thus, we conclude the district court did not abuse its discretion in admitting this evidence.[2] *See Hubbard v. State*, 134 Nev. 450, 454, 422 P.3d 1260, 1264 (2018) (reviewing a district court's decision to admit or exclude evidence for an abuse of discretion).

Third, Davis argues that the State committed prosecutorial misconduct in failing to disclose benefits given to a testifying witness. The record, however, does not support Davis' factual contention as both the State and the witness (while under oath) denied the existence of any such benefit. *See Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008) (noting that the first step in analyzing prosecutorial misconduct claims is determining if the State's conduct was improper); *Bahena*, 126 Nev. at 256-57 & n.9, 235 P.3d at 601 & n.9; *see also Ayala v. Chappell*, 829 F.3d 1081, 1109 (9th Cir. 2016) (concluding that the defendant failed to prove that a State witness received benefits in exchange for testifying when the defendant presented no evidence to support his claim and the witness

---

[2]Davis states this was bad act evidence requiring a *Petrocelli* hearing, but does not develop that claim in his brief's argument section. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (holding that it is appellant's responsibility to provide cogent argument). Nonetheless, the district court properly admitted testimony that Davis offered to pay one of the victims to not testify as evidence of consciousness of guilt that was "directly relevant to the question of guilt" and was "neither irrelevant character evidence nor evidence of collateral acts requiring a hearing before its admission." *Evans v. State*, 117 Nev. 609, 628, 28 P.3d 498, 512 (2001), *overruled on other grounds by Lisle v. State*, 131 Nev. 356, 366 n.5, 351 P.3d 725, 732 n.5 (2015); *see also Abram v. State*, 95 Nev. 352, 356, 594 P.2d 1143, 1145 (1979) ("Declarations made after the commission of the crime which indicate consciousness of guilt, or are inconsistent with innocence, or tend to establish intent may be admissible.").

denied, under oath, receiving any such benefits). Accordingly, reversal is not warranted on this issue.

Having considered Davis' contentions and concluded no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.
Parraguirre

_____, Sr. J.
Douglas

cc:  Hon. Eric Johnson, District Judge
     Coyer Law Office
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

_____

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.