513 P.2d 219 (1973)
Judith S. THORNBURG, a/k/a Judith White Thornburg, a/k/a Judith S. White, Plaintiff-Appellant,
v.
HOMESTEAD MINERALS CORPORATION et al., Defendants-Appellees.
No. 72-102.
Colorado Court of Appeals, Div. I.
May 30, 1973.
Rehearing Denied June 19, 1973.
Certiorari Granted August 27, 1973.
Madden & Strate, P. C., William J. Madden, Paul A. Markson, Jr., Denver, for plaintiff-appellant.
Weller, Friedrich, Hickisch & Hazlitt, Arthur H. Downey, Denver, for defendants-appellees Don B. Allen, and Ray, Quinney and Nebeker.
Berge, Martin & Clark, Bruce D. Pringle, Denver, for defendant-appellee Homestead Minerals Corp.
Selected for Official Publication.
PIERCE, Judge.
In February of 1969, plaintiff purchased a large block of shares of common stock of Homestead Minerals Corporation. The stock certificates bore the legend, "Investment stock not subject to transfer until the 29th day of March, 1969." Plaintiff allegedly believed from this legend and the representations of the corporation's attorney, at the time of issuance that the stock would become freely tradeable as of March 29, 1969. However, on or about March 29, 1969, plaintiff was informed by the corporation's *220 attorney, who was at that time the secretary of the corporation, that the restriction would not be removed.
It became apparent to plaintiff, after several demands on the corporation, that no action would be taken on her request for the removal of the impediment. As a result, plaintiff instituted an action against the corporation in Utah, seeking an order that the restrictive legend be removed from the certificates. This action was successful, and on October 30, 1970, the corporation issued new certificates to plaintiff.
In November of 1970, plaintiff filed this action against the corporation, the corporation's attorney, and the attorney's law firm in their capacity as agents of the corporation. Plaintiff sought recovery of damages, contending that during the time that the restriction was wrongfully on the shares, the shares were being traded at a price as high as $8 per share, and that after the restriction was removed, the price was at 55 cents per share. Defendants, after filing their answer, moved for summary judgment. Among the matters asserted in the motion was the contention that plaintiff was estopped from maintaining the subsequent action since the Utah action was an election to sue to get clear title to the shares, an equitable action, which would be inconsistent with the suit for damages. After a full hearing, the court granted all the defendants' motions for summary judgment. Plaintiff appeals. We affirm.
The defendants are correct in their contention that plaintiff's election to seek clear title to the certificates thereafter estopped her from seeking damages in a subsequent action for lost profits on sales she might have made while the transferability of stock was being wrongfully withheld. The test of whether an election of remedies has been made when suit is filed under one theory, so as to estop a subsequent suit under an alternate theory, is whether the relief sought is inconsistent. Holscher v. Ferry, 131 Colo. 190, 280 P.2d 655. Here, it would be inconsistent to award plaintiff damages for the profits lost had the shares been sold during the time of the improper restriction and also give her clear title to the shares. Owen v. Merts, 240 Ark. 1080, 405 S.W.2d 273; Virginia Public Service Co. v. Steindler, 166 Va. 686, 187 S.E. 353. In essence, plaintiff would receive a double recovery. By asking only for clear title in the first action, she thereafter assumed the risk of market fluctuation.
Judgment affirmed.
COYTE and SMITH, JJ., concur.