Dorris J. NEWLAND, Plaintiff-Appellee,

v.

B. P. HOLLAND, and the City and County of Denver, Defendants-Appellants,

and

Robert Dill, other John Does, Arthur Dill, Chief of Police of the Police Department of the City and County of Denver, State of Colorado, John Does 1–100, as unknown members of the Denver Sheriff's Department, Wayne K. Patterson, as Warden of the City Jail of the City and County of Denver, Dan Cronin, Manager of Safety and Excise and Ex-Officio Sheriff of the City and County of Denver, Defendants.

No. 78–1119.

Colorado Court of Appeals, Div. II.

Feb. 19, 1981.

Marks & Olom, Jonathan L. Olom, Gerash & Robinson, P. C., Walter L. Gerash, Denver, for plaintiff-appellee.

Wood, Ris & Hames, P. C., Eugene S. Hames, Denver, for defendants-appellants.

PIERCE, Judge.

Plaintiff, Dorris J. Newland, brought this wrongful death action against defendant B. P. Holland and others for the death of her husband, Carl Newland (decedent). Holland and the City and County of Denver (defendants) appeal from the judgment entered upon a jury verdict in favor of plaintiff. We affirm.

While investigating a reported robbery on April 9, 1976, police officer Holland stopped and questioned decedent near the scene of the crime. Several other police officers arrived, and a verbal altercation ensued between decedent and the police officers. Eyewitnesses to the robbery told the officers that decedent was not the robber, but the confrontation continued with the result that decedent was arrested and handcuffed.

At trial, plaintiff's evidence showed that after decedent had been handcuffed, defendant Holland grabbed him by the neck and choked him, and that this choking was the proximate cause of decedent's death. Holland denied having choked decedent, contending that he had only pushed against decedent's upper chest area, and that such force was reasonably necessary to overcome decedent's resistance to arrest. Decedent died several days later from a stroke which was caused by a trauma to his neck.

The jury found that both decedent's and Holland's negligence were the proximate causes of decedent's death, and that 53% of the negligence was attributable to defendant Holland.

## I.

Defendants contend that the trial court erred in permitting plaintiff to cross-examine Holland concerning a statement made by him that he had choked decedent. This statement was made to a polygraph examiner, and plaintiff introduced it at trial as a prior inconsistent statement. Although reference to the polygraph examination and the results thereof were omitted from the questioning, defendants assert that any cross-examination regarding these statements was prejudicial error since de-

fendants' counsel did not attempt to rehabilitate Holland. He argues that effective redirect examination by his own attorney would have brought out the context in which the statements were made. We do not agree with this argument because defendant's counsel could have propounded his questioning so as to avoid reference to the polygraph examination. Defendant cannot assert that his own counsel's tactical decisions amount to reversible error.

## II.

Defendants further contend that the trial court violated the doctrine of election of remedies by instructing the jury on the alternative theories of assault and battery and negligence. We disagree.

■ The doctrine of election of remedies precludes the pursuit of alternative remedies where the remedial rights sought necessarily repudiate each other. *Robinson v. Armstrong*, 90 Colo. 363, 9 P.2d 481 (1932); *Thornburg v. Homestead Minerals*, 32 Colo.App. 299, 513 P.2d 219 (1973). But, a party is not required to elect where the remedies he invokes are consistent. *Carpenter v. Donohoe*, 154 Colo. 78, 388 P.2d 399 (1964). And it is not the fact that the causes of action are different, but the inconsistency of the demands that makes the election of one remedial right an estoppel against the assertion of the other remedial right. *Holscher v. Ferry*, 131 Colo. 190, 280 P.2d 655 (1955).

■ Here, the remedy sought by plaintiff under both the assault and battery and negligence causes of action was damages. Thus, only one remedy is sought by plaintiff, and therefore, the trial court did not err in submitting instructions on both assault and battery and negligence to the jury. *Cf. Holscher v. Ferry, supra; see* C.R.C.P. 8(e)(2).

We have examined defendants' remaining contentions of error regarding liability and find them to be without merit.

## III.

At trial, defendants attempted to introduce evidence that plaintiff had filed a petition for dissolution of marriage which was pending at the time of decedent's death. Defendants contend that the trial court erred in excluding this evidence since it was relevant to the damages issue. We disagree.

■ Damages in wrongful death actions are measured by the plaintiff's net pecuniary loss. *Colo.J.I.* 10:3 (2d ed. 1980). Net pecuniary loss is determined by consideration of the age and health of the decedent, his habits of industry, his ability to earn money, his disposition to aid and assist plaintiff, and the probable duration of the lives of both plaintiff and decedent. *Murphy v. Colorado Aviation, Inc.*, 41 Colo.App. 237, 588 P.2d 877 (1978).

Here, the trial court permitted defendant to cross-examine plaintiff regarding the separation between plaintiff and decedent, which had occurred 10 days prior to decedent's encounter with defendant Holland, but evidence that plaintiff had filed for dissolution of marriage was ruled inadmissible.

■ We do not rule on the situation where a dissolution of marriage decree has been granted or where the decedent may have filed a dissolution of marriage action. Here, the fact that the plaintiff had filed the action is not probative of deceased's disposition to aid and assist the plaintiff; it only indicates an attitude of the plaintiff. *See generally, Murphy v. Colorado Aviation, Inc., supra.* Further, any error occurring because of the exclusion of this evidence was harmless, since the circumstances surrounding the separation of plaintiff and decedent were admitted. *See People v. O'Donnell*, 184 Colo. 104, 518 P.2d 945 (1974). Hence, the trial court did not err in precluding introduction of this evidence.

We do not find this appeal to be frivolous and therefore deny plaintiff's claim for damages and costs under C.A.R. 38.

Judgment is affirmed.

SMITH and BERMAN, JJ., concur.