YOUNG'S MACHINE COMPANY, a Utah Corporation, Appellant, v. CATHY ANN LONG, in Her Individual Capacity and as Guardian of Her Minor Child, RICHARD LONG, Respondent.

No. 15160

December 7, 1984                                    692 P.2d 24

*Popelka, Allard, McGowan & Jones,* San Jose, California, and *Barker, Gillock & Perry,* Reno, Nevada, for Appellant.

*Dufford, Waldeck, Ruland, Wise & Milburn,* Grand Junction, Colorado, and *John Hawkins,* Reno, Nevada, for Respondent.

*Phillip W. Bartlett,* Reno, for Association of Defense Counsel of Nevada, and *David R. Gamble,* Carson City, for Nevada Trial Lawyers' Association, Amicus Curiae.

## OPINION

By the Court, MANOUKIAN, C.J.:

This is an appeal from a judgment for respondent in a wrongful death action brought under the theory of strict products liability. Appellant urges this court to recognize comparative fault or causation principles in the strict products liability area, either by interpreting Nevada's comparative negligence statute to include this type of action or by finding that the statute does not preclude judicial recognition of the principles in this area and that public policy warrants such recognition. Although the lower court permitted the appellant to argue that the decedent's negligence was the sole proximate cause of his death, the court refused to instruct the jury that it could use comparative fault principles to reduce the award. Because the lower court correctly applied the law in Nevada as it exists today and because we decline to interfere in the legislative function in this area, we affirm the judgment.

Nevada's comparative negligence statute is clearly intended to apply to negligence actions:

> In any action to recover damages for death or injury to persons or for injury to property in which contributory negligence may be asserted as a defense, the contributory negligence of the plaintiff or his decedent does not bar a recovery if that negligence was not greater than the negligence or gross negligence of the person or persons against whom recovery is sought, but any damages allowed must be diminished in proportion to the amount of negligence attributable to the person seeking recovery or his decedent.

NRS 41.141(1). Appellant urges us to interpret this statute to include strict products liability in that class of actions in which contributory negligence may be asserted as a defense. This we refuse to do.

In Davies v. Butler, 95 Nev. 763, 602 P.2d 605 (1979), we refused to interpret this same statute as applying to actions based on willful and wanton misconduct. We were particularly concerned with the difference in concepts between negligence and willful and wanton misconduct. We stated: "Read in light of our

previous decisions carefully delineating the concepts of willful and wanton misconduct, the legislature intended to leave such behavior outside the purview of the comparative negligence statute.'' 95 Nev. at 770. This rationale is equally appropriate here. A number of cases dealing with the concept of strict products liability were before this court prior to the enactment of NRS 41.141 in July, 1973. These cases indicate that no showing of negligence is necessary in a strict products liability action. *See* Worrell v. Barnes, 87 Nev. 204, 206, 484 P.2d 573 (1971); Shoshone Coca-Cola v. Dolinski, 82 Nev. 439, 420 P.2d 855 (1966). Moreover, we had recognized that the only defenses available in a strict products liability action were assumption of the risk and misuse of the product; ordinary contributory negligence was not to be considered. *See* General Electric Co. v. Bush, 88 Nev. 360, 365, 498 P.2d 366 (1972); *Restatement of the Law 2d (Torts)* § 402A, comments a and n.

As in *Davies,* we limit the statute to its clear language. We assume the legislature was aware of the above cases and agreed with us that strict products liability is based upon an entirely different concept from negligence. Therefore, the legislature must not have intended to include strict products liability within the comparative negligence statute.[1]

Appellant alternatively contends that, even if the statute does not literally apply to strict products liability actions, the legislature's silence in this area indicates that the statute does not preclude the court's adoption of comparative fault. While it is true that this court did adopt the theory of strict products liability in Shoshone Coca-Cola v. Dolinski, 82 Nev. at 441, it is also true that we have consistently refused to judicially adopt principles of comparative fault or to extend such principles beyond the express legislative declaration. *See* Davies v. Butler, 95 Nev. at 770; Rice v. Wadkins, 92 Nev. 631, 632, 555 P.2d 1232 (1976); Wells, Inc. v. Shoemake, 64 Nev. 57, 70, 177 P.2d 451 (1947); Cox v. L.A. & S.L.R.R. Co., 56 Nev. 510, 511, 58 P.2d 373 (1936).

Appellant cites numerous cases and law review articles which urge adoption of comparative fault principles in the strict products liability area as fair and equitable for all parties. It does appear that some authorities have recognized comparative fault in this area. *See e.g.,* Duncan v. Cessna Aircraft Co., 665 S.W.2d 414 (Tex. 1984); Kennedy v. City of Sawyer, 618 P.2d 788 (Kan.

---

[1]We do not view strict products liability as tantamount to negligence *per se* and so refuse to follow those courts which do so. *See* Dippel v. Sciano, 155 N.W.2d 55 (Wisc. 1967).

1980); Murray v. Fairbanks Morse, 610 F.2d 149 (3d Cir. 1979); Daly v. General Motors Corp., 575 P.2d 1162 (Cal. 1978) (three justices dissenting); Schwartz, *Strict Liability and Comparative Negligence*, 42 Tenn. L. Rev. 171 (1974).

There is, however, substantial authority to the contrary. Not all courts are convinced of the wisdom of applying comparative fault in the strict products liability field. *See e.g.,* Correia v. Firestone Tire & Rubber Co., 446 N.E.2d 1033 (Mass. 1983); Seay v. Chrysler Corp., 609 P.2d 1382 (Wash. 1982); Kinard v. Coates Co., Inc., 553 P.2d 835 (Colo. 1976) (superseded by statute, Colo. Rev. Stat. 13-21-406); Robinson, *Square Pegs (Products Liability) in Round Holes (Comparative Negligence)*, 52 Cal.St.B.J. 16 (1977).

It is primarily because of this great diversity of authority that we believe that this issue is one better left to the legislature. If that branch of government decides to entertain the issue, it can give full consideration to the competing interests and policies in order to devise comprehensive and well-reasoned guidelines.

We affirm the judgment below.

SPRINGER, MOWBRAY, STEFFEN and GUNDERSON, JJ., concur.