NANCY J. MORRISON, Appellant, v. AIR CALIFORNIA, a California Corporation, Respondent.

No. 15218

May 15, 1985                                    699 P.2d 600

*Richard W. Young,* Reno, for Appellant.

*Eugene J. Wait, Jr.* and *Don Springmeyer,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Appellant, Nancy Morrison, appeals to this Court contending the trial court erred in refusing to permit her to call a rebuttal witness to testify concerning the deplaning standard of care as presented by Air California and that such a ruling entitled her to a new trial. We agree with appellant that the trial court's refusal to permit the rebuttal witness to testify was both prejudicial and improper and therefore reverse the lower court's decision.

On May 22, 1980, Mrs. Morrison boarded an Air California (Air Cal) flight to the Reno International Airport. Due to a childhood disability requiring use of a crutch, appellant was preboarded by employees of Air Cal.

In accordance with the policy and procedure of Air Cal, alcoholic beverages were served during the flight from Reno to the interim stop in San Jose, California, and from San Jose to Orange County Airport.

Upon arrival at the Orange County Airport, Mrs. Morrison was asked by a member of the flight crew to remain seated until all other passengers had completed deplaning because she and another passenger needed assistance in leaving the aircraft. After the other passengers deplaned, Mrs. Morrison and the other elderly passenger walked to the forward part of the aircraft where a flight attendant was stationed near the top of the stairs leading to the ground. The elderly woman passenger descended the stairs and was followed by appellant. An Air Cal passenger service agent was in front of both ladies, assisting their descent.

While the two infirm passengers were descending the stairs, a male passenger approached the flight attendant at the forward part of the cabin. The attendant asked him to wait until appellant was at the bottom of the stairs before deplaning. The male passenger appeared to understand and acknowledge the request.

The flight attendant then turned around to the galley area to pick something up, whereupon the male passenger proceeded to go down the stairs. He then lost his footing and turned approximately 180 degrees as he fell down the stairway. Hearing a noise, appellant turned and seeing the male passenger fall, braced her-

self. The tumbling passenger fell into appellant, knocking her off balance and into the elderly passenger in front of her. An Air Cal flight attendant attempted to obtain the identity of the male passenger, but he ignored the attendant's requests and left the airport. Feeling stiff and sore, appellant eventually went to the hospital because of discomfort in her back.

It is undisputed that flight attendants and customer service agents are responsible for the safety of the passengers who are deplaning Air Cal's aircraft.

During trial, Mrs. Morrison's evidence showed Air Cal's flight attendants receive extensive training concerning service of alcoholic beverages to passengers and the need to be alert for passengers who may have had too much to drink. Air Cal's policy permitted passengers on their flights to be served as many as three cocktails during one flight or even two doubles. A flight attendant testified that the man who had fallen down the stairs and collided with Mrs. Morrison had been drinking to excess. She based her opinion upon his breath, walk and general attitude. The flight attendant and the customer service agent had seen on prior occasions, passengers boarding or deplaning Air Cal aircraft who, in their opinions, were under the influence of intoxicating beverages.

Moreover, the Air Cal flight attendant at the front doorway did not request Mrs. Morrison to wait at the top of the stairs, inside the aircraft, until the elderly passenger had completed deplaning. Nor did she wait at the doorway to observe that Mrs. Morrison deplaned safely.

Air Cal moved to dismiss pursuant to NRCP 41(b) but the court denied the motion. At the conclusion of defendant's case in chief, appellant wished to call a rebuttal witness to rebut evidence introduced by defendant concerning the industry's standard of care with respect to deplaning procedures. The court requested an offer of proof and after one was made and the matter argued, the court refused to permit Mrs. Morrison to introduce her intended rebuttal evidence. We are persuaded that such a ruling was improper.

Air Cal contends that the testimony of the proffered rebuttal witness should have been introduced in appellant's case in chief; thus, the trial judge properly exercised his discretion to exclude it. Nevertheless, sufficient facts were presented to the jury to support a finding of negligence and therefore the proffered rebuttal evidence wasn't an essential element of appellant's prima facie case.

Rebuttal evidence is that which explains, repels, contradicts, or disproves evidence introduced by a defendant during his case

in chief. Levenson v. Lake-To-Lake Dairy Co-Op, 394 N.E.2d 1359 (Ill.App. 1979). The general rule for determining whether certain rebuttal evidence is proper is "whether it tends to counteract new matters by the adverse party." McGee v. Burlington Northern, Inc. 571 P.2d 784 (Mont. 1977).

During presentation of its case in chief, Air Cal had a flight attendant testify who was present on the occasion of appellant's injury. On direct examination, Air Cal elicited testimony regarding procedures followed by all airlines, including Air Cal, concerning the deplaning of passengers in need of assistance.

After the defense rested, the court inquired of appellant's counsel if there was anything further, whereupon the court was advised a rebuttal witness was then available to testify. Air Cal objected to the testimony. The trial court requested, and Mrs. Morrison's counsel made, the following offer of proof:

> She is going to tell us, your Honor, that when an air carrier, when Republic or Hughes, for example, are advised by a ramp agent that a handicapped or passenger who requires special assistance is boarding, they will empty the aircraft out and then with two passengers who have handicaps or required assistance, they will send a ramp agent up and bring the one passenger needing assistance down and another ramp agent, or the same ramp agent will then proceed back up and bring the other passenger who needs assistance down. And that procedure is what she believes to be the standard of care.

> And if that procedure had been followed that night, this would not have happened.

The trial court stated that it did not remember anyone mentioning the standard procedure in the industry or the standard of care and ultimately refused the introduction of the proffered rebuttal evidence.

Evidence will not be excluded from rebuttal merely because it might have been made part of the case in chief. Shell Oil Company v. Gutierrez, 581 P.2d 271 (Ariz. 1978). In the treatise on evidence, *Jones On Evidence,* (Sixth Edition, Gard.), § 24:1 (1972) at 74, it is noted:

> Rebutting evidence means, not merely evidence which contradicts the witnesses on the opposite side and corroborates those of the party who first presented evidence bearing on the issue, but evidence in denial of some affirmative fact which the answering party has endeavored to prove. *Where the purpose of evidence is clearly rebuttal, the party offering it is entitled to have it admitted; and its exclusion may be error.* [Emphasis added.]

Moreover, in Pellico v. E. L. Ramm Company, 216 N.E.2d 258 (Ill.App. 1966), the Illinois Appellate Court held that while the trial court has discretion to permit a plaintiff to introduce evidence of an affirmative matter in rebuttal when such evidence might properly have been offered in chief, ''where a defendant introduces evidence of an affirmative matter in defense or justification, the plaintiff, as a matter of right, is entitled to introduce evidence in rebuttal as to such affirmative matter.''

In the present case, as a matter of defense or justification, Air Cal introduced evidence in support of the proposition that its procedures in deplaning passengers in need of assistance were the same as those of all other airlines. The clear purpose of appellant's rebuttal evidence was to contradict and disprove such evidence. The proffered testimony was proper rebuttal testimony and it should have been admitted.

In anticipation of an adverse decision concerning the propriety of the lower court's ruling, Air Cal contends that any abuse of discretion resulting from the trial court's refusal to allow the rebuttal evidence was harmless.

NRCP 61 embodies the general rule regarding the treatment of harmless error as disregarding any error or defect in the proceeding which does not affect the substantial rights of the parties. Hence, a refusal by a trial court to permit rebuttal evidence may be grounds for reversal if it appears the court's discretion was abused to the prejudice of the party offering the rebuttal evidence. See Ellis v. City of Kansas City, 589 P.2d 552 (Kan. 1979); Gray v. Sharpe, 67 P. 351 (Colo. 1902).

When an offer of proof is permitted or requested, two purposes are served: (1) a fully informed trial court, and (2) saving the point on appeal. Cameron v. Boone, 383 P.2d 277 (Wash. 1963). Appellant must show that but for the error in excluding the evidence, a different result might reasonably have been expected. El Cortez Hotel, Inc. v. Coburn, 87 Nev. 209, 484 P.2d 1089 (1971).

Air Cal contends that had the testimony concerning different procedures been admitted, a different result could not have occurred because of the intervening cause of the passenger tripping and falling down the stairs. Also, Air Cal opines that had there been two ramp agents, the injury would still have occurred because the force came from behind and the agents would have been in front of the deplaning passengers.

Nevertheless, according to the specific language of the offer of proof, it is reasonable to assume that were it not for the exclusion of the proposed rebuttal evidence, a different result in the jury's verdict may have resulted. Had Air Cal followed the procedure as set forth in the offer of proof, the jury could have concluded that Mrs. Morrison would not have been injured because at the time the male passenger arrived to deplane, Mrs. Morrison, either alone or with a ramp agent, would have been at the *doorway* waiting to be assisted. Hence, the passenger would have been permitted to deplane prior to Mrs. Morrison and the injury would not have occurred.

Fundamental fairness requires that a party be permitted to introduce evidence to rebut inferences the jury can draw from the opposing party's evidence. Sellars v. Presbyterian Intercommunity Hospital, 559 P.2d 876 (Or. 1979). However, in this case such evidence was excluded. The unchallenged testimony indicating that Air Cal's conduct conformed with industry standards may well have persuaded the jury that Air Cal was not negligent. The error in this case was not harmless. Had the rebuttal evidence been permitted a different result may have been reached.

We have considered the remaining contentions asserted by the parties to this appeal and consider them to be without merit. Accordingly, we reverse the judgment upon the jury verdict and remand for a new trial.

SPRINGER, C. J., MOWBRAY, GUNDERSON, and STEFFEN, JJ., and ZENOFF, Sr. J.,[1] concur.

---

[1]THE HONORABLE DAVID ZENOFF, Senior Justice, was designated to participate in this case. Nev. Const., art. 6 § 19; SCR 10.