JAMES ROBERT ANDREWS, Appellant, *v.* HARLEY DAVIDSON, INC., Respondent.

No. 20035

August 21, 1990

796 P.2d 1092

[Rehearing denied January 11, 1991]

*John C. Hope, Jr.,* Reno, for Appellant.

*Eugene J. Wait, Jr.,* Reno, for Respondent.

# OPINION

By the Court, ROSE, J.:

James Andrews (Andrews) sued Harley Davidson, Inc. (Harley Davidson) alleging that it was strictly liable for injuries he incurred resulting from a design defect which caused the gas tank to separate from the frame of his Harley Davidson motorcycle. The jury returned a verdict for Harley Davidson. We reverse, holding that the court erred in allowing the jury to hear evidence that Andrews was intoxicated on the night of the accident, in excluding evidence of an accident which was substantially similar to Andrews' and in putting the burden of proving that the motorcycle was not altered on Andrews.

## FACTS

On March 12, 1985, Andrews accidentally drove his 1978 Harley Davidson motorcycle into the rear of a parked car. Andrews was propelled over the car and onto the sidewalk. He suffered severe injuries.

Andrews filed a suit against Harley Davidson alleging that it was strictly liable for injuries he incurred because of a design defect in his 1978 Harley Davidson motorcycle. A spring clip held the rear of the gas tank to the frame of his motorcycle. Andrews claimed that when his motorcycle hit a parked car, the spring clip broke causing the tank to rise above the motorcycle seat. As Andrews moved forward he hit the raised gas tank. Andrews contended that had the spring clip held the gas tank in place he would not have been injured or, alternatively, that his injuries would not have been as severe. He argued that a consumer would not have expected the spring clip to break.

Before trial, Andrews filed a motion in limine asking the court to exclude evidence that he was intoxicated on the night of the accident. The court held that evidence of Andrews' intoxication could be used to prove that the design of his Harley Davidson motorcycle was not the proximate cause of Andrews' injuries. Andrews' blood alcohol count, which was .146, was admitted into evidence during the trial.

Andrews' suit against Harley Davidson was tried before a jury. During the trial Andrews attempted to have the deposition of Raymond Ziolkowski (Ziolkowski) read into the record to show that Ziolkowski had a substantially similar accident a year earlier while driving his own Harley Davidson motorcycle. The similarities between the two accidents are that each driver was riding the same model Harley Davidson motorcycle at about 30 miles an hour when it ran into the rear of an automobile. Ziolkowski

claimed that his injuries occurred when he was thrown against the gas tank of the motorcycle after it separated from the frame upon impact, and Andrews makes that same claim in this case. Both men sustained injuries in their groin area. Harley Davidson argued that the accidents were not similar because: Andrews hit a stationary car while Ziolkowski hit a moving vehicle; there was much more physical damage to the motorcycle and the vehicle it hit in the Andrews' accident; and the motorcycles were manufactured in different years. The court excluded Ziolkowski's testimony, concluding that Andrews' and Ziolkowski's accidents were not substantially similar.

Harley Davidson argued that Andrews' gas tank did not separate from the frame of his motorcycle but that Andrews was injured when he was hurled against the fin of a parked car. A number of witnesses supported Harley Davidson's version of the manner in which Andrews sustained his injuries, while others supported Andrews' version. Andrews called George Edwards (Edwards), a tow truck driver who removed Andrews' motorcycle from the scene of the accident, as a rebuttal witness.[1] Edwards would have testified that the gas tank on Andrews' motorcycle had separated from the frame and was facing upward at the scene of the accident. Harley Davidson argued that Edwards was not a proper rebuttal witness because he was going to testify to matters raised by Andrews in his case-in-chief. The court agreed and excluded Edwards as a witness.

Additionally, Harley Davidson asserted that Andrews' motorcycle had been altered. One witness testified that Andrews' motorcycle had been altered while another witness testified that Andrews' motorcycle had not been altered. The court placed the burden of proving that Andrews' motorcycle had not been altered on Andrews.

On January 31, 1989, the jury returned a verdict for Harley Davidson. Andrews now appeals from the jury's verdict.

### LEGAL DISCUSSION

I. *Whether the court erred in allowing the jury to hear evidence that Andrews was intoxicated on the night of his accident.*

The district court found that evidence of Andrews' intoxication could be used to show that the design of his Harley Davidson

---

[1]Andrews had first attempted to call Edwards as a witness in his case-in-chief. The court refused to allow Edwards to testify because Andrews had informed Harley Davidson that Edwards would be a witness only one week before trial.

motorcycle was not the proximate cause of Andrews' injuries. The court appears to have reasoned that although a design defect may have caused Andrews' motorcycle to be unsafe in an accident, this defect may not have been the proximate cause of Andrews' injuries if Andrews misused the motorcycle. We disagree.

A manufacturer has a duty to design a reasonably crashworthy vehicle. Huddell v. Levine, 537 F.2d 726, 737 (3d. Cir. 1976). In regard to the crashworthiness of a vehicle, once a court or jury determines that a design defect exists misuse precludes recovery only when the plaintiff misuses the product in a manner in which the defendant could not reasonably foresee. *See* Hughes v. Magic Chief, Inc., 288 N.W.2d 542, 545 (Iowa 1980).[2] Negligent driving of a vehicle is a foreseeable risk against which a manufacturer is required to take precautions. Ford Motor Co. v. Hill, 404 So.2d 1049, 1052 (Fla. 1981). Specifically, it is foreseeable that a plaintiff, who is intoxicated, will drive negligently and get in an accident since intoxication leads to a significant number of accidents yearly. Therefore, evidence of Andrews' intoxication is not relevant to whether a design defect in his motorcycle was the proximate cause of his injuries. *See* Cota v. Harley Davidson, A Div. of AMF, Inc., 684 P.2d 888, 895-896 (Ariz.App. 1984).

The trial court failed to distinguish between the proximate cause of Andrews' accident and the proximate cause of his injuries. Andrews' intoxication may have been the proximate cause of the *accident.* However, Harley Davidson's design, if it was as defective as Andrews contends, was the proximate cause of his *injuries.*

Additionally, contributory negligence is not a defense in a strict liability case where the issue is whether the design of a vehicle is crashworthy. *See* Young's Machine Co. v. Long, 100 Nev. 692, 694, 692 P.2d 24, 25 (1984); Horn v. General Motors Corporation, 551 P.2d 398, 403 (Cal. 1976). A major policy behind holding manufacturers strictly liable for failing to produce crashworthy vehicles is to encourage them to do all they reasonably can do to design a vehicle which will protect a driver in an accident. Hence, the jury in such a case should focus on whether

---

[2]It is difficult to envision a situation in which a plaintiff's negligence would be relevant to the issue of whether a design defect relating to crashworthiness was the proximate cause of his injuries. *See* J. Henderson & A. Twerski, Products Libility, Problems and Processes 669 (1987).

the manufacturer produced a defective product, not on the consumer's negligence.

Harley Davidson contends that, since Andrews introduced evidence in his case-in-chief to prove that he was not intoxicated on the night of the accident, it should be allowed to introduce evidence to show that he was intoxicated at the time of the accident. Harley Davidson's argument is without merit. Before trial, Andrews made a motion in limine to have evidence excluded that would show that he was intoxicated before the accident. When the court denied his motion, Andrews had no choice but to attempt to prove that he was not driving while intoxicated in order to rebut Harley Davidson's very strong evidence (*i.e.,* a blood alcohol reading of .146) that he was intoxicated at the time of his accident.

We conclude that the court committed prejudicial error when it allowed evidence that Andrews was intoxicated on the night of the accident to come before the jury. Evidence that a plaintiff's intoxication may have caused an accident is not relevant to the issue of whether there was a design defect or whether a design defect in his vehicle caused his injuries. The jury, however, may have concluded that Harley Davidson was not liable for Andrews' injuries, despite the existence of a design defect on his motorcycle, because Andrews was intoxicated on the night of his accident.

II. *Whether the court erred in excluding the deposition testimony of Raymond Ziolkowski.*

Andrews contends that the court erred in excluding the deposition of Raymond Ziolkowski. He argues that his accident and Ziolkowski's accident were substantially similar. We agree. The plaintiff has a right in a strict liability action to introduce evidence of a substantially similar accident to prove that the design of the product involved in the accident is defective. Ginnis v. Mapes Hotel Corp., 86 Nev. 408, 415, 470 P.2d 135, 139 (1970). Whether the jury may be allowed to draw an inference as to the defectiveness of a product from prior failures depends on whether the factors which produced the prior failures were substantially similar to the factors which produced the present failure. *See* Jones & Laughlin Steel Corporation v. Matherne, 348 F.2d 394, 400 (5th Cir. 1965). Ziolkowski and Andrews had similar injuries. Both men testified that their injuries occurred when they were thrown against the gas tank of their motorcycles after it separated from the frame. Both men drove into the back of

a car while traveling around 30 miles per hour. Andrews' and Ziolkowski's motorcycle had an identical frame, engine, and fuel system. The differences in their accidents are trivial and would have little or no effect on their injuries. Therefore, we conclude that the accidents were substantially similar and the court erred in not allowing Ziolkowski's deposition into evidence.

III. *Whether the court erred in excluding George Edwards as a rebuttal witness.*

Andrews contends that the court erred in excluding George Edwards, the driver who towed Andrews' motorcycle from the accident scene, as a rebuttal witness. We disagree. Rebuttal evidence explains, contradicts, or disproves evidence introduced by a *defendant* in his case-in-chief. Morrison v. Air California, 101 Nev. 233, 235-36, 699 P.2d 600, 602 (1985). The test for determining what constitutes rebuttal evidence is whether the evidence offered tends to contradict *new* matters raised by the adverse party. *Id.* Edwards was to have testified that the gas tank on Andrews' motorcycle had separated from the frame and was facing upwards. Andrews had already introduced evidence which showed that his gas tank was not in its normal position after the accident. Andrews' expert, for example, testified that the rear of the gas tank rose up and was responsible for Andrews' injuries. Andrews himself testified, from photographs of the accident, that the gas tank was not in its proper position after the accident. Since Edwards' testimony concerns matters already raised by Andrews it is not proper rebuttal testimony. Therefore, the court correctly excluded Edwards as a rebuttal witness.

IV. *Whether the plaintiff consumer or the defendant manufacturer bears the burden of proving that a product was or was not altered.*

Harley Davidson contends that Andrews bore the burden of proving that his motorcycle had not been altered. The district court agreed. We disagree. Although a plaintiff consumer should know whether a product has been altered after he or she has received it, the manufacturer may obtain this information through discovery. A manufacturer of a product knows precisely how the product was manufactured, what condition it was originally in, and, if altered, the manner in which it may have been modified. Secondly, we conclude that it is unfair to force the plaintiff consumer to prove a negative, *i.e.,* that the product was not altered. Therefore, we hold that the burden of proving that a

product has been altered is on the defendant manufacturer in a products liability suit.[3] *See* The Model Uniform Product Liability Act § 112(d) (1979); *see also* Shoshone Coca-Cola v. Dolinski, 82 Nev. 439, 444-45, 420 P.2d 855, 858-59 (1966); Hiller v. Kawasaki Motors Corp., U.S.A., 671 P.2d 369, 372 (Alaska 1983).

## CONCLUSION

The court erred in allowing the jury to hear evidence that Andrews was intoxicated on the night of his accident. Andrews' intoxication was not relevant as to whether the design of his Harley Davidson motorcycle was the proximate cause of his injuries. Additionally, the court erred in excluding Ziolkowski's deposition and in instructing the jury that Andrews had the burden of proving that his Harley Davidson motorcycle was not altered. Andrews' and Harley Davidson's remaining contentions lack merit.

Accordingly, we reverse the jury's decision and remand this matter to district court for further proceedings consistent with this opinion.

YOUNG, C. J., STEFFEN and MOWBRAY, JJ., concur.

SPRINGER, J., dissenting:

Andrews himself introduced the evidence of intoxication. That he should have made this honest disclosure early in the trial was honorable and probably tactically defensible irrespective of the trial court's ruling on the motion *in limine*. In any event, counsel for Andrews made this tactical decision to introduce the subject of his client's intoxication, and a party "cannot assert that his own counsel's tactical decisions amount to reversible error." Newland v. Holland, 624 P.2d 933, 935 (Colo.Ct.App. 1981).

If there is any error in this case, it was invited by Andrews. I would leave undisturbed the jury's verdict.

---

[3]In those few situations where the plaintiff has had exclusive possession of a product which is destroyed or lost after the accident by the plaintiff's intentional action, placing the burden of proof on the manufacturer may well be unfair. In such cases where the defense of alteration is raised, the burden of persuasion should be placed upon the person with the greatest information of whether there had been an alteration of the product, and this would normally be the plaintiff.