An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

TAREN KINNEY,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
ELLIOTT A. SATTLER, DISTRICT
JUDGE,
Respondents,
and
CALIFORNIA STATE AUTOMOBILE
ASSOCIATION, A FOREIGN NON-
PROFIT CORPORATION; AND AAA
NEVADA INSURANCE COMPANY,
Real Parties in Interest.

No. 66043

FILED

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of mandamus challenges a district court order striking petitioner's expert witness.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Writ relief is an extraordinary remedy, and whether a petition for extraordinary relief will be considered is solely within this court's discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991). Petitioner bears the

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30565

burden of establishing that relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered petitioner's writ petition and appendix, we conclude that our intervention is unwarranted, as the district court properly determined that petitioner's proffered witness was not a rebuttal witness. *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558; *Andrews v. Harley Davidson, Inc.*, 106 Nev. 533, 539, 796 P.2d 1092, 1096 (1990) (concluding that "[r]ebuttal evidence explains, contradicts, or disproves evidence introduced by a *defendant* in his case-in-chief" and that "[t]he test for determining what constitutes rebuttal evidence is whether the evidence offered tends to contradict *new* matters raised by the adverse party"); *see* NRCP 16.1(a)(2)(C)(ii) (providing that an expert cannot serve as a rebuttal witness where that witness's purpose is to "contradict a portion of another party's case in chief that should have been expected and anticipated"). In particular, the expert reports show that petitioner's expert's testimony merely concerned the elements of petitioner's claim and did not rebut new matters raised by real parties in interest's experts. Moreover, the record demonstrates that petitioner engaged this expert approximately one year before the disclosure deadline for real parties in interest's experts. The district court therefore properly determined that petitioner's expert's testimony would not be rebuttal testimony. NRCP 16.1(a)(2)(C)(ii); *Andrews*, 106 Nev. at 539, 796 P.2d at 1096. Thus,

petitioner has not demonstrated that writ relief is warranted.[1] *Pan,* 120 Nev. at 228, 88 P.3d at 844. Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Elliott A. Sattler, District Judge
Law Offices of Curtis B. Coulter
Alverson Taylor Mortensen & Sanders
Washoe District Court Clerk

---

[1]We note that petitioner's writ petition is devoted solely to arguing that the district court erred in failing to categorize her proffered expert witness as a rebuttal witness. Because we agree with the district court's determination in that regard, we need not consider the separate, unraised issue of whether the district court's sanction of striking this witness was an abuse of discretion. *Bahena v. Goodyear Tire & Rubber Co.,* 126 Nev. ___, ___, 235 P.3d 592, 596 (2010) (recognizing that discovery sanctions are within the district court's discretion).