An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JESUS MORENO, AN INDIVIDUAL;
ANDRA AND ANNE COLBERT,
HUSBAND AND WIFE,
Appellants,
vs.
RICHMOND AMERICAN HOMES OF
NEVADA, INC., A COLORADO
CORPORATION,
Respondent.

No. 65714

FILED

DEC 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment on a jury verdict, certified as final under NRCP 54(b), in a construction defect action. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

Appellants challenge (1) the district court's order denying their motion for a new trial and (2) the district court's order denying their motion for attorney fees.

*Order denying motion for a new trial*

Appellants contend that the district court abused its discretion in denying their motion for a new trial. *See Gunderson v. D.R. Horton, Inc.*, 130 Nev., Adv. Op. 9, 319 P.3d 606, 611 (2014) (recognizing that a district court's decision to deny a motion for a new trial is reviewed for an abuse of discretion). They raised four arguments in district court as to why a new trial was warranted under NRCP 59(a)(7), and they raised four different arguments in district court as to why a new trial was warranted under NRCP 59(a)(2). We address those categories of arguments in turn.

*NRCP 59(a)(7)*

A district court may grant a new trial under NRCP 59(a)(7) when there has been an "[e]rror in law occurring at the trial and objected to by the party making the motion." Here, appellants did not object at trial to the failure of Mr. Ficcadenti to provide his testimony to a reasonable degree of scientific probability. Nor did appellants object to respondent's failure to produce a "rebuttal soils expert." Thus, the district court was within its discretion when it determined that those two arguments did not warrant a new trial. *Gunderson,* 130 Nev., Adv. Op. 9, 319 P.3d at 611; *see* NRCP 59(a)(7). To the extent that appellants suggest that these two arguments should be treated as sufficiency-of-the-evidence arguments, we perceive no plain error or manifest injustice that would warrant reversal, as the jury reasonably concluded that no defect existed with respect to Issue 23.1. *See Avery v. Gilliam,* 97 Nev. 181, 183, 625 P.2d 1166, 1168 (1981) (recognizing that this court's review of a sufficiency-of-the-evidence argument is limited when the appellant did not move in district court for judgment as a matter of law).

As for appellants' argument regarding rebuttal testimony and slab calculations, the district court permitted appellants to elicit testimony to this effect for the purpose of calling into question Mr. Ficcadenti's repair recommendation but not for the purpose of showing that respondent violated the standard of care in pouring the slabs. This ruling properly accounted for the theories of liability that were introduced in appellants' case in chief as well as appellants' right to introduce "rebuttal" evidence. *Cf. Andrews v. Harley Davidson, Inc.,* 106 Nev. 533, 539, 796 P.2d 1092, 1096 (1990) ("The test for determining what constitutes rebuttal evidence is whether the evidence offered tends to contradict *new* matters raised by

the adverse party."). Additionally, the record demonstrates that appellants were able to elicit some testimony in this respect, and appellants have not proffered specific additional testimony that they believe they should have been permitted to elicit. Consequently, we cannot conclude that the district court abused its discretion, either in framing the parameters in which appellants could elicit rebuttal testimony, *see FCH1, LLC v. Rodriguez*, 130 Nev., Adv. Op. 46, 335 P.3d 183, 188 (2014) (reviewing the admission or exclusion of evidence for an abuse of discretion), or in determining that this issue did not justify a new trial, *see Gunderson*, 130 Nev., Adv. Op. 9, 319 P.3d at 611.

As for appellants' argument regarding the introduction of a witness's deposition testimony, we agree with the district court's determination that this testimony did not materially affect appellants' substantial rights so as to warrant a new trial. *See* NRCP 59(a). Although appellants contend that the deposition testimony was taken out of context, they have not identified any specific instances when this supposedly occurred or when the district court prohibited them from curing the perceived problem. Similarly, although appellants contend that the introduction of the deposition testimony gave the jury the impression that respondent's counsel "had things figured out all along," a review of the record demonstrates that this contention is speculative and does not warrant a new trial.

*NRCP 59(a)(2)*

A district court may grant a new trial under NRCP 59(a)(2) when there has been "[m]isconduct of the . . . prevailing party." NRCP 59(a)(2). Appellants identify four instances in which they contend that respondent's counsel engaged in misconduct. Having considered those

four instances and the context in which respondent's counsel made the statements or elicited the testimony, we are not persuaded that any of those instances amounted to misconduct. *See Gunderson*, 130 Nev., Adv. Op. 9, 319 P.3d at 611 ("Whether an attorney's comments are misconduct is a question of law, which we review de novo . . . ." (quotation omitted)). Accordingly, the district court was within its discretion in denying appellants' motion for a new trial. *Id.*

*Order denying motion for attorney fees*

The district court denied appellants' motion for attorney fees after concluding that appellants did not obtain a more favorable result at trial than the offers of judgment they rejected. On appeal, appellants first contend that the offers of judgment were invalid. Having considered appellants' arguments in this respect, we conclude that they lack merit and that the district court properly determined that the offers of judgment were valid. *See Pombo v. Nev. Apartment Ass'n*, 113 Nev. 559, 562, 938 P.2d 725, 727 (1997) ("An offer of judgment must be unconditional and for a definite amount in order to be valid for purposes of NRCP 68.").

Appellants next contend that the district court should have applied the lodestar method in calculating the pre-offer attorney fees they incurred. As stated in its order, however, the district court was willing to apply the lodestar method but determined that it was unable to meaningfully do so due to the lack of supporting documentation from appellants. *Cf. Gunderson*, 130 Nev., Adv. Op. 9, 319 P.3d at 615 ("In a construction defect action, the claimant generally may only recover attorney fees and specified costs that are proximately caused by a construction defect."). Having reviewed the record, we conclude that the district court was within its discretion in making this determination, in

concluding that appellants had failed to obtain a more favorable result than the offers of judgment they rejected, and in consequently denying appellants' motion for attorney fees. *See Gunderson*, 130 Nev., Adv. Op. 9, 319 P.3d at 615 ("This court generally reviews a district court's decision awarding or denying costs or attorney fees for an abuse of discretion.").

In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Timothy C. Williams, District Judge
       Stephen E. Haberfeld, Settlement Judge
       Maddox, Isaacson & Cisneros, LLP
       Maddox, Segerblom & Canepa, LLP
       Springel & Fink
       Molof & Vohl
       Eighth District Court Clerk