**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FOREST KIRST; TRACEY KIRST, and the marital community composed thereof,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>OTTOSEN PROPELLER & ACCESSORIES, INC., an Arizona Corporation; HARTZELL PROPELLER, INC., an Ohio Corporation; THE OTTOSEN FAMILY FOUNDATION, an Arizona corporation,<br><br>Defendants-Appellees. | No. 18-35830<br><br>D.C. No. 3:16-cv-00188-TMB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted August 9, 2019
Fairbanks, Alaska

Before: TALLMAN, IKUTA, and N.R. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Forest Kirst appeals the district court's grant of summary judgment to Defendants Hartzell Propeller Inc. (Hartzell) and Ottosen Propeller & Accessories, Inc. (Ottosen). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's grant of summary judgment de novo. *Lippi v. City Bank*, 955 F.2d 599, 604 (9th Cir. 1992). "The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The non-moving party "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248 (quotation marks and alteration omitted).

1.     The district court properly granted summary judgment to Hartzell on Kirst's negligent misrepresentation and negligent supervision claims. Under Alaska law, negligent misrepresentation has four elements: (1) the defendant must have made a statement in the course of business; (2) the statement must have been false when made; (3) the plaintiff must have justifiably relied on the statement to his detriment; and (4) the defendant must have failed to exercise reasonable care when making the statement. *S. Alaska Carpenters Health & Sec. Tr. Fund v. Jones*, 177 P.3d 844, 857 (Alaska 2008). Kirst failed to produce evidence that Hartzell's

2

statement was false when made, or that Hartzell failed to exercise reasonable care when making its statement. Moreover, Kirst has not provided any support for his assertion that Hartzell had a duty to supervise Ottosen.

2.     The district court properly granted summary judgment to Hartzell and Ottosen on Kirst's product liability claims. Under Alaska law, a manufacturer "is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being." *Shanks v. Upjohn Co.*, 835 P.2d 1189, 1194 (Alaska 1992) (internal quotation marks omitted). "[T]he plaintiff in a strict products liability suit must establish as part of his cause of action that the product was defective at the time it left the possession of the manufacturer." *Hiller v. Kawasaki Motors Corp., USA*, 671 P.2d 369, 372 (Alaska 1983). To the extent Kirst's claim against Hartzell rests on a risk of corrosion as the alleged defect, Kirst has failed to produce evidence that the propeller in fact had a heightened risk of corrosion or that it caused his injury. Kirst's argument that Hartzell's service bulletin required Ottosen to assemble and disassemble the propeller and therefore caused the bolts to become loose fails, because the service bulletin applied only after 1,000 air miles and therefore did not apply to the propeller at issue. Kirst's claims based on loose and used bolts as an alleged defect also fail, because Kirst failed to produce evidence

that the propeller was assembled with loose and used bolts when it left either Hartzell's or Ottosen's possession.

3.      The district court properly granted summary judgment to Ottosen on Kirst's negligence claim. To succeed on a claim of negligence, the plaintiff must show the defendant owed him a duty of care, breached that duty, and caused the plaintiff to be injured as a result of that breach. *Regner v. N. Star Volunteer Fire Dep't, Inc.*, 323 P.3d 16, 21 (Alaska 2014). Even assuming that the plane crash was caused by loose and used bolts on the propeller blade clamp, Kirst failed to introduce evidence beyond mere speculation that Ottosen breached its duty by assembling and selling the propeller with the loose or used bolts.

Additionally, the doctrine of res ipsa loquitur does not allow an inference of breach in this case. Res ipsa applies where: (1) "the accident is one which ordinarily does not occur in the absence of someone's negligence"; (2) "the agency or instrumentality is within the exclusive control of the defendant"; and (3) "the injurious condition or occurrence was not due to any voluntary action or contribution on the part of the plaintiff." *Widmyer v. Se. Skyways, Inc.*, 584 P.2d 1, 11 (Alaska 1978). Although the plane crash would not ordinarily occur in the absence of negligence, Kirst has failed to show that the propeller and the clamp bolts were in "the exclusive control of" Ottosen or that the alleged loose and used

4

condition of the bolts "was not due to any voluntary action or contribution on the part of" Kirst. After Ottosen assembled the propeller, it had no further contact with the propeller for the next three years. Rather, Kirst installed the propeller on his plane, and either Kirst or his mechanic performed all necessary maintenance, repairs, and inspections over the three years between when the propeller was installed and the date of the crash.

4.      The district court properly granted summary judgment to Ottosen on Kirst's consumer protection, fraud, and misrepresentation claims. Kirst claims that Ottosen misrepresented the propeller as new despite having replaced the propeller blades. Even assuming that this replacement would render a propeller no longer "new" and thus be a misrepresentation under Alaska's consumer protection statute and common law, Kirst has failed to introduce any evidence that this misrepresentation caused him a loss. Alaska Stat. § 45.50.531(a) (Alaska consumer protection law requires showing of causation and loss); *see also Cornelison v. TIG Ins.*, 376 P.3d 1255, 1270 (Alaska 2016) (fraud claim requires showing of causation and loss); *S. Alaska Carpenters Health & Sec. Tr. Fund*, 177 P.3d at 857 (misrepresentation claim requires showing of detrimental reliance on misrepresentation).

**AFFIRMED.**[1]

---

[1]Kirst's motion to supplement the record on appeal is denied.